## PEOPLE v. WEST.

1. CRIMINAL LAW—APPEALS—METHOD OF REVIEW.

There are two statutory methods of review of criminal cases in this State. One is by exceptions before sentence; the other, by a writ of error. If the first method is adopted, a writ of error, there being no judgment, performs no function. If the second method is adopted, it is upon the assumption that the writ of error has a function to perform and that a judgment has been entered.

2. SAME—EXCEPTIONS BEFORE SENTENCE—RIGHT TO BAIL.

Where exceptions before sentence are allowed under sections 11964–11968, 3 Comp. Laws, the accused has a right to bail pending the determination of his case in this court, unless the circuit judge is clearly of opinion that the exceptions alleged are frivolous, immaterial, or intended only for delay.

3. SAME—WRIT OF ERROR—STAY OF PROCEEDINGS.

Except where the conviction is for treason or murder in the first degree, writs of error issue in criminal as well as civil cases as of course, and they do not stay or delay the execution of the judgment or sentence unless they are allowed by one of the justices of the Supreme Court, or by a circuit judge, "with an express order thereon for a stay of proceedings on the judgment or sentence." Section 10490, 3 Comp. Laws.

4. SAME—ADMISSION TO BAIL BY SUPREME COURT.

Where a writ of error is taken out before sentence is pronounced, and respondent applies to this court for admission to bail and

an order staying proceedings below until determination of the case on error, this court will deny the motion, with permission to respondent to take out a new writ of error, if sentence is pronounced, and to present to this court an application for a stay of proceedings.

Hume H. West was convicted of larceny, and took out a writ of error: On motion to admit to bail, and for stay of sentence pending the appeal. Submitted March 31, 1906. (Calendar No. 21,632.) Motion denied April 11, 1906.

*Charles Flowers*, for the motion.

*Ormond F. Hunt*, Prosecuting Attorney, contra.

OSTRANDER, J. Respondent, West, was, on March 12, 1906, upon his trial in the recorder's court of the city of Detroit, found guilty of larceny. He gave a recognizance for his appearance March 21, 1906, for sentence. On March 19, 1906, a writ of error was taken out, returnable April 28, 1906. With his counsel respondent on March 20th appeared before the judge of the recorder's court and asked that sentence be stayed and bond for his appearance for sentence continued in force until the determination of his case on error. The application was denied. Thereupon, upon his application, this court made an order staying proceedings until his motion to be admitted to bail and for stay of sentence could be regularly brought on for hearing in this court. It appears that a bill of exceptions has been prepared and served and noticed for settlement on April 9th. The frequency with which like applications are made to this court seems to require that the practice in such cases be better settled and better understood.

It is by force of the statute only that reviews on exceptions to the proceedings in criminal cases can be had. In substance and effect, the statutes upon the subject now in force are the same as those found in the Revised Statutes of 1846. There are two statutory methods of review.

One is by exceptions before sentence; the other, by a writ of error. If the first method is adopted, a writ of error, there being no judgment, performs no function. If the second method is adopted, it is upon the assumption that the writ of error has a function to perform and that a judgment has been entered. Section 11964, 3 Comp. Laws, provides that any person convicted of any offense before any court of record may allege exceptions to the opinion, direction, or judgment of the court in any matter of law, which exceptions, being reduced to writing in a summary mode and presented to the judge before whom the case was tried, before the end of the term, and found conformable to the truth of the case, shall be allowed and signed by the judge. Section 11965 provides that upon the signing of such exceptions all further proceedings in that court shall be stayed—

" Unless it shall clearly appear to the judge that such exceptions are frivolous, immaterial, or intended only for delay, and in that case judgment may be entered, and sentence awarded in such manner as the court shall deem reasonable, notwithstanding the allowance of such exceptions."

Section 11967 provides for a recognizance, if the offense is bailable, for the appearance of the respondent at the next term of such court and to prosecute his exceptions to effect in the Supreme Court, and section 11968 directs that if the respondent shall not recognize as directed he shall be committed to prison to await the decision of the Supreme Court. It was held in *Re Montague*, 70 Mich. 158, that the object of these provisions of the statute was to secure the right of bail until a conviction is determined in this court, unless the circuit judge is clearly of opinion that the exceptions alleged are frivolous, immaterial, or intended only for delay, and in the case of *People* v. *McKinney*, 9 Mich. 444, it was held that notwithstanding the exceptions the cause still remained in the court below, and that in the absence of a statute conferring the authority so to do the Supreme Court had no power to take bail.

Except where the conviction is for treason or murder in the first degree, writs of error issue in criminal as well as in civil cases as of course, and they do not stay or delay the execution of the judgment or sentence unless they are allowed by one of the justices of the Supreme Court or by a circuit judge "with an express order thereon for a stay of proceedings on the judgment or sentence." 3 Comp. Laws, § 10490.

If a stay of proceedings is ordered, it is competent at the time of making the order to make a further order for the custody of the plaintiff in error or for letting him to bail. 3 Comp. Laws, § 10491. Except the conviction be for one of the serious offenses just mentioned, the right of a person convicted to have the errors of law, if any, committed upon his trial, reviewed by the Supreme Court, is a matter of right. The choice of methods for obtaining such review lies with the respondent. If he determines to pursue the method of exceptions before sentence, he is entitled to a stay of judgment and sentence, pending the decision of the appellate court, unless the trial judge regards the exceptions taken as clearly frivolous, immaterial, or intended only for delay. If the method for review is by writ of error, the trial court should proceed to sentence, and in such cases the stay of execution of the sentence should be applied for with the application for a writ of error. Upon such an application, such a record should be presented here as will enable the court or the justice to whom the application for a stay is made to determine whether or not the exceptions alleged are frivolous, immaterial, or intended only for delay, and for the purpose of reaching a proper determination upon this question it has been the practice to require, and that practice will be continued, that notice of the application be given to the attorney general.

Applying what has been said to the matter now before the court, we reach the conclusion that no objection should be interposed by this court to the pronouncement of sentence by the court below, and the motion of respondent is

denied.    Permission is given to the respondent, if sentence is pronounced, to sue out a new writ of error and to present to this court his application for a stay of proceedings. It seems wholly unnecessary to remark, in conclusion, in view of the statutes to which reference has been made and the clear policy indicated by their provisions, that when it is brought to the attention of the trial court that it is desired to review a criminal case upon exceptions before sentence a reasonable opportunity should be given to prepare and settle exceptions, and that where, before execution of a sentence has been entered upon, it is made to appear to the trial court that a writ of error is about to be sued out of this court and an application for a stay of sentence made, unnecessary annoyance and expense is likely to result from putting the sentence of the court into execution before the coming down of the writ of error.    It is equally clear that the proper administration of the law demands of convicted persons diligence in determining the method proposed to be pursued to secure a review of the proceedings, and in advising the trial court thereof.

CARPENTER, C. J., and MCALVAY, GRANT, BLAIR, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.