PEOPLE *v.* FRITCH.

1. Criminal Law—Appeal and Error—Staying Execution of Sentence.

    The authority for staying the execution of sentence, like the power to review, is purely statutory, in a criminal case, and its exercise must depend on a compliance with the requirements of statute.

2. Same—Procedure—Practice—Writ of Error—Bail.

    After a respondent has been convicted of a crime, if a bill of exceptions is settled after sentence, he may, as a matter of course, take out a writ of error, unless he desires an order staying execution of sentence, and enlargement on bail, when an allowance of the writ and an order admitting to bail are required. 3 Comp. Laws, §§ 10490 *et seq.*, 10964 *et seq.*

3. Same—Staying Execution of Sentence.

    Under proceedings for the allowance of a writ of error as in the case of exceptions before sentence, a stay and admission to bail cannot be granted if it appear that the exceptions are frivolous, immaterial or dilatory merely.

4. Same—Showing—Affidavits.

    Where the trial court refuses to stay the execution of sentence and to admit respondent to bail on the ground that exceptions taken are frivolous, the Supreme Court will not reverse such action on affidavits as to the contents of the record unaccompanied by the record itself, or a bill of exceptions duly signed.

5. Same—Presumption.

    After conviction of a crime, the presumption of innocence no longer attaches to a respondent.

George A. Fritch was convicted of manslaughter and sentenced to imprisonment for not less than 7½ nor more than 15 years in the State prison at Jackson: On motion for a writ of error, stay of execution of sentence, and to be admitted to bail pending the appeal. Submitted March 19, 1910. (Calendar No. 23,934.) Motion denied April 1, 1910.

*Lodge & Brown*, for the motion.

*Philip T. Van Zile*, Prosecuting Attorney, *contra*.

HOOKER, J.   Defendant, having been convicted in the recorder's court of Detroit of the offense of manslaughter, and sentenced to confinement in the "State's prison," where he now is, has filed a petition, addressed to "the justices of the Supreme Court," praying that we allow a writ of error in said cause, and a stay of the execution of sentence, and that he be admitted to bail pending the hearing and determination of his case in this court.

The authority for staying the execution of sentence, like the power to review, is purely statutory, and its exercise must depend on compliance with the requirements of the statute.   See *People* v. *West*, 143 Mich. 587 (107 N. W. 283).

We there held that the statute has provided two ways by which a defendant may have his cause reviewed; one on exceptions before sentence, and the other by writ of error after sentence.   In the former the sentence must be deferred and enlargement on bail permitted, provided a bill of exceptions, which the trial judge shall find to be true, shall be presented during the term at which he was convicted, and provided further that it shall not clearly appear to said judge that such exceptions are frivolous, immaterial, or intended only for delay.   See 3 Comp. Laws, §§ 11964, 11965.   Otherwise he must be sentenced.   But if no bill of exceptions is presented, the defendant has the right after sentence to take a writ of error.   This issues as a matter of course, and unless he desires an order staying execution of the sentence, and enlargement on bail, no allowance of said writ or other order is necessary.   3 Comp. Laws, §§ 10490, 10491; *People* v. *West, supra.*

It is under these sections that the present application is made; no bill of exceptions having been presented to the trial judge, and none being presented to us, and none having been prepared and settled.   We held, in *People* v. *West, supra*, that there was an analogy between the

two methods of review, and that under the proceedings for the allowance of a writ of error, etc., a stay and admission to bail could not be granted if it should appear that the exceptions taken were frivolous, immaterial, or intended for delay only, as is the case where the application is made to the trial judge on exceptions before sentence. By the same analogy the settlement of a bill of exceptions should precede the allowance of the writ of error and be made a part of the application for the allowance and stay, as it is where the application is made before sentence to the trial judge, for, under the statute providing for exceptions before sentence, it is only after finding the bill of exceptions to be true, and signing the same, that the trial judge may stay proceedings and enlarge a convicted man upon bail before sentence. With all of his familiarity with the case, his power to enlarge for the purpose of review, is so limited that he is prohibited from acting until the record is made upon which the review is to be made.

The defendant may, for any one of many reasons, fail to get a bill of exceptions that will present the points he seeks to raise. He may abandon his alleged intention to appeal, the judge may refuse to settle such a bill, and he may be warranted in such refusal by other portions of the record, only a part of which is set up in the affidavits.

Under a statute which puts it in the power of any circuit judge to enlarge a defendant whom another judge has deliberately sentenced, after overruling a motion for a postponement of sentence to permit a review of the case, on the express ground that it is intended only for delay, it is not to be supposed that such action was intended to be permitted after sentence upon any less showing than what was required to be presented to the trial judge to obtain a postponement of sentence and admit to bail.

There have been cases where writs of error have been allowed and orders staying proceedings and admitting to bail made, before bills of exceptions were settled. That was the case in *People* v. *Gotshall*, afterwards heard on exceptions and reported in 123 Mich. 474 (82 N. W. 274);

*People* v. *Rich*, afterwards affirmed in 133 Mich. 14 (94 N. W. 375); and *People* v. *Hodge*, afterwards affirmed in 141 Mich. 312 (104 N. W. 599, 113 Am. St. Rep. 525). All of those cases were apparently considered by us all; each apparently having been submitted by the judge to whom the application for allowance of the writ, stay, and bail was made to his associates for direction, and action having been finally taken upon such showing as was required of counsel. The records are now incomplete in some of them; but in one or more of them a certified copy of the proceedings upon the trial was required, and yet two of the three cases were without error and would have so appeared had we had the record as finally settled before us. Whether, aside from authority derived from the statute cited (which does not contemplate application to the court), this court has authority to stay the execution of a sentence, we need not decide, for we are disinclined in this case, in view of the express announcement of the recorder that the exceptions in the case were frivolous and the application intended only for delay, to grant this motion without a bill of exceptions duly signed and certified by him. We cannot allow this judicial statement to be questioned and overcome by a mere affidavit, when the appeal must ultimately turn on what the judge shall certify.

We therefore refrain from a discussion of the question of our power as a court to act in these matters. We are very clear, however, that a judge of the circuit court or of this court should refuse to allow a writ of error, stay the execution of sentence, or admit to bail, unless presented with a certified copy of the bill of exceptions duly signed, or of the record in a case where a bill of exceptions is not required to raise the point relied on.

It will doubtless be urged that under prevailing methods time is necessary to obtain a bill of exceptions, and that in the meantime some prejudiced judge will be likely to "railroad" to prison some innocent man, thus subjecting him to unnecessary inconvenience and ignominy. We

cannot assume that any judge will "railroad" any man to prison unjustly. It is just and desirable to put a guilty man in prison, as soon as is consistent with his rights of review. We must assume that all judges are honest and fair, disposed to give to all convicted persons their full rights, and not disposed to deny to a convicted man a chance to take his case to this court on exceptions before sentence if his counsel will act with reasonable expedition, and can make a bill of exceptions that is not frivolous or made for delay only. If there is a judge who is justly chargeable with unjust and oppressive practices, the remedy is at the polls, not the adoption of a practice enlarging men upon affidavits upon a possibility at variance with settled legal presumption.

After a man has been convicted, the presumption of innocence, of which so much is made in our practice, attends him no longer. He has been convicted by a jury, and he has the burden of convincing the trial judge or some other judge that the record upon which he stands convicted is open to serious question, and to do this he must present the record to him, not affidavits of what the record is, and if his own convenience or that of his counsel does not permit him to do this without delay, or if his case is so apparently lacking in merit, or his proposed action so indicative of an intention only to delay, as to cause the trial judge to so certify, we know of nothing more for him to do but to submit to imprisonment until the necessary record can be completed. Such a practice, we think, will be conducive to a very necessary reform in the defense of persons charged with crime and productive of expedition in the punishment of guilty and the discharge of innocent persons—both matters of great public concern and unrest. It is a profound public conviction that courts of justice unnecessarily dally with the cases of persons charged with crime, and that public interests are made to yield to the convenience of counsel and the policy of delay so valuable to criminals and detrimental to the general welfare.

In a recent case a sentence "was pronounced on

November 4, 1907, and the appeal was not argued until June 7, 1909. The trial occupied six days. The appeal book contains 142 pages, and the briefs of counsel on both sides 23. So long a delay is a reproach to the administration of justice, and no allowance will be made to counsel until a satisfactory excuse is presented to the court." *People* v. *Hampartjoomian*, 196 N. Y. 77 (89 N. E. 451).

The question raised here bears directly upon the matters of delay, and a questionable appeal. Already nearly three weeks have passed since defendant's conviction. Within that time, a bill of exceptions should have been settled. The same material is brought before us in the shape of affidavits, on an application to stay the sentence and allow the defendant to go on bail, until in the process of time he shall have his counsel make a bill of exceptions which he can get the judge to sign, and which when made may or may not show the alleged errors set up in his affidavit, provided in the meantime he shall not abandon the project.

The application is denied. We will neither stay the sentence, admit to bail, nor allow the writ of error on this record.

OSTRANDER, McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred with HOOKER, J.

MOORE, J. I agree with the result reached by Justice HOOKER in this case, but I am not prepared to say that a stay of sentence and admission to bail should in no case be allowed until a bill of exceptions is settled.