PEOPLE *v.* FRITCH.

CRIMINAL LAW — APPEAL AND ERROR — SUPERSEDEAS — STAY OF SENTENCE—STATUTES.

Respondent, convicted of manslaughter, having taken out a writ of errror as of course, is not entitled, after the return thereto on petition, to a stay of execution of sentence and admission to bail under 3 Comp. Laws, § 10490, providing that writs of error in criminal cases shall not stay proceedings unless allowed by one of the justices of the Supreme Court or by a circuit judge with an express order for such stay.

Petition by George A. Fritch for a stay of execution of sentence and admission to bail pending an appeal from a

conviction on a charge of manslaughter.   Submitted June 27, 1911.   (Calendar No. 23,934.)   Denied July 5, 1911.

*Lodge & Brown*, for petitioner.

BLAIR, J.   This is a petition, filed June 24, 1911, for stay of execution of sentence and admission to bail.   Prior proceedings to obtain stay of execution of sentence will be found reported in 161 Mich. 111 (125 N. W. 785).   After the denial of his application, for the reasons stated in the opinion, respondent proceeded with the settlement of his bill of exceptions, which was finally settled and signed April 26, 1911.   On the 28th day of February, 1911, respondent caused a writ of error to be issued, as of course, out of this court, returnable on the 8th day of April, 1911. The time to make return to the writ of error was duly extended by orders of this court to May 1st, and June 1st, respectively.

The return to the writ of error has been duly made and filed in this court, as well as the printed record, and there is no reason apparent at this time why the case should not be disposed of at the October term of this court.   Section 10490, 3 Comp. Laws, provides:

"Writs of error upon judgments in all other criminal cases shall issue of course, but they shall not stay or delay the execution of the judgment or sentence, unless they shall be allowed by one of the justices of the Supreme Court, or a circuit judge, with an express order thereon for a stay of proceedings on the judgment or sentence."

As appears from the foregoing statement, the writ of error has been issued as of course and return made thereon.   There is no petition for an order allowing a writ of error "with an express order thereon," etc.; nor is there any occasion for such an allowance.

It follows that the application must be denied, and it is so ordered.

OSTRANDER, C. J., and BIRD, HOOKER, and STONE, JJ., concurred.