PEOPLE v. MACOMBER.

APPEAL AND ERROR — CRIMINAL LAW — EXCEPTIONS BEFORE SENTENCE — JUDGMENT, NECESSITY FOR.

A judgment is necessary in a criminal as well as in a civil suit to sustain the issuance of a writ of error.   If a respondent, convicted of crime, desires to review the case

on exceptions before sentence, the proceeding, being statutory, should conform to the statute.

Error to Calhoun; North, J. Submitted June 12, 1914. (Docket No. 98.) Decided July 24, 1914.

Charles Macomber was convicted of violating the liquor law. Dismissed.

*Robert H. Kirschman,* Prosecuting Attorney, for the people.
*Joseph L. Hooper,* for respondent.

PER CURIAM. Neither the printed record nor the return in the office of the clerk of this court shows that a judgment has been entered in this cause. The return shows, but the printed record does not, a stay of proceedings for 60 days, a period which expired more than a year ago. The record indicates that a writ of error was sued out, a bill of exceptions settled, containing—though for what reason we cannot discover—the substance of all the testimony given upon the trial, and errors are assigned. The writ performs no function; there appearing to be no judgment to affirm or reverse. Whether there will ever be a judgment we cannot know. We dismiss the case, directing the attention of counsel to the applicable statutes and to the decisions in *People* v. *West,* 143 Mich. 586 (107 N. W. 283) ; *People* v. *Fritch,* 161 Mich. 111 (125 N. W. 785), and to earlier decisions. If persons convicted of crime desire to review the action of the trial court before sentence, they should bring themselves within the statute allowing such proceeding. This the respondent has not done.

Cause dismissed.