PEOPLE *v.* ROWELL

OPINION OF THE COURT

1. CRIMINAL LAW—APPEAL AND ERROR—RECORD—SCOPE OF REVIEW.
   Claims of criminal defendant on appeal which are not supported by the record may not be considered by the Court of Appeals.

2. SAME—SPEEDY TRIAL—DELAYS CHARGEABLE TO DEFENDANT.
   Defendant cannot assert as denial of his right to a speedy trial delays in his trial caused by the holding of an examination after he had earlier waived examination and the holding of second examination to remove possible prejudice in the first occasioned by appointed counsel's having been related to the complaining witness where the record does not show that defendant made demand for a speedy trial and defendant failed to show he was prejudiced by the delays.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 867.
[2] 21 Am Jur 2d, Criminal Law § 252.
[3] 21 Am Jur 2d, Criminal Law § 309 *et seq.*
[4, 5, 7] 21 Am Jur 2d, Criminal Law § 368.
   Admissibility of evidence as to extrajudicial or pretrial identification of accused. 71 ALR2d 449.
[6] 5 Am Jur 2d, Appeal and Error § 867.

3. SAME—OPPORTUNITY TO OBTAIN ASSISTANCE OF COUNSEL.

Defendant charged with armed robbery was not denied adequate opportunity to consult with counsel before examination where he was allowed to consult counsel and, having heard testimony of complaining witness at an earlier examination, was in a position to aid counsel in conducting cross-examination of complaining witness and where defendant failed to show any resulting prejudice.

4. SAME—CONSTITUTIONAL LAW—ASSISTANCE OF COUNSEL—LINEUP —PROSPECTIVE APPLICATION OF PRECEDENT.

Right of criminal suspect to be represented by counsel at lineup, decided to be constitutional right by Supreme Court of the United States on June 12, 1967, is not to be given retroactive application to cases in the appellate process on that date, by virtue of another decision rendered by the Court on the same day.

5. SAME—DUE PROCESS—IN-CUSTODY IDENTIFICATION.

Defendant charged with armed robbery was not denied due process by in-custody identification procedures which included the selection of defendant's photograph from a number of photographs by complaining witness the day before she pointed out defendant in police lineup and the viewing of the lineup by two eyewitnesses, one of whom identified defendant, and where jury was presented with sufficient credible evidence to support its verdict.

6. SAME—APPEAL—PRESUMPTION OF INNOCENCE—TRIAL—ERROR— BURDEN OF PROOF.

After lawful conviction a criminal defendant is no longer presumed innocent but must bear the burden of satisfying the Court of Appeals that the record on which he was convicted discloses reversible error.

### CONCURRING OPINION
### LEVIN, J.

7. CRIMINAL LAW—PHOTOGRAPHIC IDENTIFICATION.

*Photographic identification of a criminal defendant where de-defendant is in custody and physically able to go to a place where a lineup can be conducted should be prohibited.*

Appeal from Recorder's Court of Detroit, Burdick (Benjamin D.), J. Submitted Division 1 March 7, 1968, at Detroit. (Docket No. 3,354.) Decided October 25, 1968. Leave to appeal denied June 19, 1969. 382 Mich 763.

Donald Versaile Rowell was convicted of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Barbara K. Hackett,* Assistant Prosecuting Attorney, for the people.

*Mayer & Mayer,* for defendant on appeal.

ANDREWS, J. On October 21, 1966, defendant was convicted by a Detroit recorder's court jury of robbery armed[1] for the robbery of $125 from a bakery shop.

He appeals upon the grounds that the trial court erred in denying his motions to quash the information and for a directed verdict of not guilty, because of inadequate representation prior to trial and because due process was not accorded him in identification procedures.

The robbery occurred August 25, 1965. Defendant was arrested October 5, 1965. He appeared in a lineup on October 7 and was identified by the manager of the bakery. At a second lineup on October 8 he was identified by a customer who was an eyewitness to the holdup. On October 6 the manager was shown five pictures and picked the defendant's picture from the group. Another eyewitness customer was unable to identify the defendant at a

---

[1] CLS 1961, § 750.529 (Stat Ann 1968 Cum Supp § 28.797).

lineup. No pictures were shown to the customers.
Defendant was arraigned before the magistrate October 7, bond was fixed and examination set for
October 11. On this date an attorney filed his appearance for examination only and requested an
adjournment, which was granted to October 27. On
this date examination was waived. Defendant
claims by his appellate counsel that he was not
present in court on October 27 and did not consent
to or authorize his attorney to waive examination.
For reasons which will hereafter be evident there is
no merit to this unsupported claim. The defendant,
having been bound over for trial, was arraigned November 23, at which time he stood mute. A week
later assigned counsel entered his appearance.
Trial was ordered for January 12, 1966, and on that
date was adjourned to March 17. On oral motion
of March 3, the case was remanded for examination.
This was held March 9 and the complaining witness
testified on direct and cross-examination in the presence of the defendant. The defendant was bound
over for trial. On March 10 assigned counsel moved
to withdraw because he discovered at the examination that he was related to the complaining witness.
The motion was granted and substitute assigned
counsel filed his appearance March 17 and on March
22 moved to remand for examination. The motion
was granted and a second examination was held
April 15, at which the complaining witness again
testified on direct and cross-examination in defendant's presence. Defendant was bound over for trial.
He was arraigned May 6 and trial was set for June
22. Due to a complaint filed by defendant with the
court administrator, the court assigned new counsel, who filed an appearance July 13. The trial previously set for June 22 was adjourned to August 8
and then to August 26. On August 15 a motion

was filed to quash the information on the grounds that the evidence produced at the two examinations was insufficient to support the charge, that no preliminary examination was held until seven months after defendant's arrest, that the lineup was conducted in violation of defendant's constitutional rights and that the complainant's testimony resulted in illegally obtained evidence being used against him, denying him due process. The motion was heard August 19 and a written opinion denying the same was filed September 19. Trial was ordered for October 19 and commenced October 20. Prior to the opening of trial, the assigned trial judge denied defendant's oral motion to quash the information. The complaining witness, the two customers and one police officer testified. Defendant waived the right to cross-examine the remaining witnesses endorsed on the information. Defendant's motion for a directed verdict was denied, whereupon he rested. After conviction, present appellate counsel was assigned to prosecute a timely appeal.

The foregoing statement of the proceedings had in this case is compiled after a careful examination of the record on appeal. The claims of defendant not supported by the record cannot be considered. *People* v. *Fritch* (1910), 161 Mich 111.

Defendant's claims requiring consideration are substantially those presented to the trial court in the motion to quash the information and we hold that the ruling of the trial court was correct.

The delay in the proceedings cannot be charged to the people. The first scheduled examination was waived by counsel. An examination was then ordered on motion of defendant. The transcript of this examination reveals a careful cross-examination of the complaining witness. Yet before the transcript was filed substitute assigned counsel moved

for and was granted a second examination "to remove any suspicion of the defendant [not][2] getting a fair and impartial hearing due to the fact that his former counsel and the witnesses [sic] in the case were relatives at the time of the examination." Again the complaining witness gave substantially the same testimony at this examination. The record does not show any request by defendant for an earlier trial or in what way he was prejudiced by the delay. This Court, in *People* v. *Donald D. Williams* (1965), 2 Mich App 91, held that, absent such a showing, a delay of seven months did not deny defendant a speedy trial. In *People* v. *Foster* (1933), 261 Mich 247, the Court held that the accused must demand trial before he can claim denial of speedy trial.

Defendant claims that he did not have adequate opportunity to consult with counsel before the examination of April 15. Furthermore, he does not show in what manner he was here prejudiced. He does not claim that he was denied the opportunity to consult with counsel during the examination. He had heard the testimony of the complaining witness at the prior examination, and was in a position to aid his counsel in conducting a searching cross-examination. Nevertheless, he does not claim that the testimony before the magistrate was insufficient to warrant holding him for trial. That the testimony was sufficient cannot be denied. The complaining witness testified that she was robbed of money at the point of a gun and identified the defendant in the courtroom as the man who robbed her.

The record does not disclose any basis for holding that the rights of the defendant were not af-

[2] It is apparent from a close reading of the motion that the word "not" was inadvertently omitted in the writing of the motion by the typist.

forded him during the preliminary proceedings or
that any one of his attorneys did not fairly and
adequately protect his rights.

Defendant's claim that the identification proce-
dures denied him due process is without merit. The
rule announced in *United States* v. *Wade* (1967),
388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149), has no
application here. *People* v. *Wilson* (1967), 8 Mich
App 651. Moreover, in *Wade* the Supreme Court
remanded the case to the trial court to determine
whether the in-court identification had an independ-
ent source or whether its introduction into evidence
was harmless error. Thus the Court did not hold,
and counsel has cited no case which holds, that such
lineup procedures as were here used denied to de-
fendant his constitutional due process protections.
The fact that the complaining witness selected a
picture of defendant on the day before she identified
him in the lineup was brought out each time she tes-
tified and each time she identified him in the court-
room. The two eyewitness customers who were not
shown pictures of defendant also identified him at
the trial. One of these persons did and one of them
did not identify him at the lineup. All of these
facts, including the alleged contradictory testimony
of the complaining witness at the examinations, pre-
sented a question of credibility for jury determina-
tion. The verdict is clearly supported by the evi-
dence. This Court will not overturn the verdict
of a jury where there is sufficient credible evidence
to support it. *People* v. *Arither Thomas* (1967), 7
Mich App 103.

After lawful conviction a defendant is no longer
presumed innocent. He then has the burden of
satisfying the reviewing court that the record upon
which he was convicted discloses reversible error.
*People* v. *Fritch, supra;* CL 1948, § 769.26 (Stat Ann

1954 Rev § 28.1096). This the defendant has not done.

Affirmed.

Lesinski, C. J., concurred with Andrews, J.

Levin, J., (*concurring*). Initial identification by photograph has been widely and effectively used in law enforcement. When the suspect is at large the display of photographs to eyewitnesses can facilitate the investigation by putting the police on the right track. It can exonerate an innocent man. Such use of photographic identification, with appropriate safeguards,[1] is necessary and desirable and should be encouraged. *Simmons* v. *United States* (1968), 390 US 377 (88 S Ct 967, 19 L Ed 2d 1247).

The defendant Rowell was not, however, at large when the photographs were shown to the principal complaining witness in this case. Rowell was then already in custody. There was no need to show photographs, including a photograph of Rowell, to that witness on the day before she viewed Rowell in a lineup.

In *Simmons* the United States Supreme Court recognized the dangers involved in photographic identification. Even if scrupulously correct procedures are followed by the police in displaying photographs (frequently mug shots) to eyewitnesses there is some danger, said the court, that the witness may make an incorrect identification and, however the

---

[1] Fairness requires that a record be made of the names of all who are present whenever photographs are displayed. If at all possible, a substantially larger number of photographs should be shown than the 5 or 6 photographs displayed in this case. Copies of all photographs displayed should be added to the file so that defense counsel can attack and the jury can appraise the validity of the sample. A record should also be made of the order of presentation of photographs and the number of times each photograph is displayed.

initial misidentification comes about, "the witness thereafter is apt to retain in his memory the image of the photograph rather than of the person actually seen, reducing the trustworthiness of subsequent lineup or courtroom identification."   (pp 383, 384)

The photographic identification stage is as critical as the lineup stage, perhaps more so. The danger of misidentification at the photographic identification stage is as great, perhaps greater. Just as the facts and circumstances of a lineup identification cannot be readily reconstructed at trial (*United States* v. *Wade* [1967], 388 US 218, 230–232 [87 S Ct 1926, 18 L Ed 2d 1149] and *Gilbert* v. *California* [1967], 388 US 263 [87 S Ct 1951, 18 L Ed 2d 1178]), so too the facts and circumstances of a photographic identification preceding the lineup cannot later be readily reconstructed.

I am persuaded, and this is the reason I write to state my separate views, that on principle photographic identification should be prohibited where the defendant is in custody[2] unless the witness is physically incapacitated from going to a place where a lineup can be conducted.   Compare *Stovall* v.

---

[2] In *Simmons* the United States Supreme Court noted that the felons there were unknown and at large at the time the photographs were shown to eyewitnesses (p 384):

"In the first place, it is not suggested that it was unnecessary for the FBI to resort to photographic identification in this instance. A serious felony had been committed. The perpetrators were still at large."

In *Smith* v. *United States* (CA DC, 1968), 413 F2d 366, the majority of the United States Court of Appeals remanded for the taking of evidence on the issue whether a pretrial photographic identification of the defendant violated due process and, if so, whether it tainted the lineup and in-court identifications, and the making of such findings as may be appropriate, "using the criteria announced in *Simmons* * * * and applying the principles announced in [*Wade, Gilbert* and *Stovall*] * * *. These criteria include (1) the *necessity* to use photographs for identification; (2) the number of photographs of different persons used in the identification procedure; and (3) the information or instructions, if any, given by the police to the identifying witness immediately prior to the identification." (Emphasis supplied.)

*Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199). The convenience of witnesses not so incapacitated and the convenience of police officers should be subordinated to the people's interest in avoiding misidentifications and miscarriages of justice based thereon. And in that rare situation where photographs may properly be displayed of an accused person already in custody, the accused person is entitled to be represented by counsel at the photographic identification stage for the reasons expressed in *Wade* and *Gilbert*.

Generally when police display photographs they show photographs of a person with a criminal conviction record. An accusing finger pointed at a person with a prior conviction record by an eyewitness who has made a "positive" identification generally will bring about the accused person's conviction. His record will come out if he takes the stand and, generally, he cannot defend himself without taking the stand. The fate of such an accused person may well be decided months before the trial when, as occurred in this case, the police displayed, in circumstances which it is difficult if not impossible accurately to reconstruct, his photograph to the victim anxious to assist in solving the crime.

Pertinent are the observations of the United States Supreme Court in *United States* v. *Wade, supra,* pp 224, 235, 236:

"today's law enforcement machinery involves critical confrontations of the accused by the prosecution at pretrial proceedings where the results might well settle the accused's fate and reduce the trial itself to a mere formality. * * *

"The trial which might determine the accused's fate may well not be that in the courtroom but that at the pretrial confrontation, with the State aligned against the accused, the witness the sole jury, and

the accused unprotected against the overreaching, intentional or unintentional, and with little or no effective appeal from the judgment there rendered by the witness—'that's the man.' "

The integrity of the lineup should not be jeopardized by pre-lineup photographic displays unless there is the kind of necessity which exists when the suspect is at large or unknown or, if in custody, the witness is physically incapacitated from attending a lineup. *Wade's* and *Gilbert's* holdings entitling an accused person to the assistance of counsel at the lineup would be undermined by a rule which would deny him assistance of counsel at a pre-lineup photographic display.

I have signed the opinion of the Court in this case and concur in the disposition of this case rather than dissent because the rules expressed in *Wade* and *Gilbert* are not effective as to confrontations which occurred at the time this defendant was accused (*Stovall* v. *Denno, supra*), and also because it has been the police practice to conduct investigations even where the suspect is already in custody in the manner this investigation was conducted for so long that it would unduly impede the administration of justice to make effective without advance warning standards the violation of which could result in barring the use of the identifying witness's testimony. Compare *Wright* v. *United States* (1968), 131 App DC 279 (404 F2d 1256); *United States* v. *Wade, supra,* p 242. It is our duty to improve the judicial process but in doing so we should proceed in an orderly manner.[3]

---

[3] The district attorney and public defender for Clark county, Nevada, have agreed upon a procedure for lineup identification which, among other things, requires presence at the lineup of a member of both the district attorney's and defender's office, the making of a lineup photograph, separation of eyewitnesses prior to the completion of the lineup and that "all efforts should be made to prevent

a witness from viewing any photographs of the suspect prior to giving the lineup." 4 Crim L B (1968), 98, 99.

Compare *United States* v. *Marson* (CA 4, 1968), 408 F2d 644, where a majority of the court concluded that a pre-*Wade* photographic identification of a defendant already in custody did not deny the defendant due process.   The dissenting judge would have applied *Wade's* and *Gilbert's* principle to the case there at bar as a reward to the "diligence and astuteness of defendant's counsel [in advancing] a constitutional contention, not obvious on its face and not a single application of *Wade* and *Gilbert*."   The dissenting judge observed (p 2280) :

"I cannot read *Wade* and *Gilbert* to express considerations substantially less applicable to identification by the exhibition of photographs than to identification by exhibition of the person."

Generally, see Murray, The Criminal Lineup at Home and Abroad, Utah L Rev, p 610 (1966) ; and Wall, Eye Witness Identification in Criminal Cases.