PEOPLE v ANDREWS

1. Criminal Law—Unlawfully Driving Away a Motor Vehicle—
   Elements.

   The elements of the crime of unlawfully driving away a motor
   vehicle are: (1) possession must be taken, (2) there must be a
   driving or a taking away, (3) without authority, and (4) it must
   be done willfully (MCLA 750.413).

2. Criminal Law—Unlawfully Driving Away a Motor Vehicle—
   Without Authority—Prima Facie Case.

   Testimony of an employee of the owner of an automobile that he
   left the automobile at a parking facility and returned two
   hours later to find the automobile gone established a prima
   facie case that the automobile was driven away without author-
   ity.

3. Criminal Law—Unlawfully Driving Away a Motor Vehicle—
   Unlawful Taking—Assistance in Taking.

   A person accused of unlawfully taking possession of and driving
   away a motor vehicle need not have physically participated in
   the unlawful taking of possession and may be convicted on
   evidence that he assisted in driving it away knowing it to have
   been unlawfully taken (MCLA 750.413).

4. Criminal Law—Unlawfully Driving Away a Motor Vehicle—
   Knowledge—Inferences.

   An inference of defendant's knowledge that possession of an
   automobile was not innocent may be drawn from evidence that
   the police located and disabled the missing automobile 20 feet
   from the rear of the defendant's home four days after it had
   been taken from a parking facility, that the automobile was not
   at that location when the owner's employee went to retrieve it,

References for Points in Headnotes

[1, 6] 7 Am Jur 2d, Automobiles and Highway Traffic § 303 *et seq.*
[2] 7 Am Jur 2d, Automobiles and Highway Traffic § 341.
[3] 50 Am Jur 2d, Larceny §§ 13, 80–82.
[4] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 306, 307.
[5, 7] 50 Am Jur, Trial §§ 646, 647.
    50 Am Jur 2d, Larceny § 174.

and that the defendant was using the automobile when he was arrested two weeks later.

5. CRIMINAL LAW—UNLAWFULLY DRIVING AWAY A MOTOR VEHICLE— ASSISTING—INSTRUCTIONS TO JURY.

It was not error for the trial judge to quote the statute including the portions thereof regarding aiding and assisting when charging the jury, because although there was no evidence presented at the trial that the defendant aided or assisted another person in unlawfully driving away an automobile, the information had charged the defendant in terms at least as an assister, there was no objection to the charge, there was no objection to the term "aid", and for all practical purposes "aid" is so close in meaning to "assist" as to be synonymous (MCLA 750.413).

6. CRIMINAL LAW—UNLAWFULLY DRIVING AWAY A MOTOR VEHICLE— ELEMENTS OF CRIME—KNOWLEDGE.

Guilty knowledge is an element of the offense of unlawfully taking possession of and driving away an automobile (MCLA 750.413).

7. CRIMINAL LAW—FAILURE TO TESTIFY—INSTRUCTIONS TO JURY.

The failure of a trial judge to caution the jurors that they could not consider in any manner the defendant's failure to testify, when the judge brought the issue of the defendant's failure to testify to the jury's attention during the course of his jury instructions, is not error where no objection is made and the instruction contains language in accord with the substance of the instruction the defendant asserts should have been given.

Appeal from Recorder's Court of Detroit, Henry Heading, J. Submitted Division 1 October 11, 1972, at Detroit. (Docket No. 12792.) Decided February 26, 1973.

Elma Andrews was convicted of unlawfully taking possession of and driving away a motor vehicle. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P.*

*Smith,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and LEVIN and O'HARA,* JJ.

PER CURIAM. Elma Andrews was convicted by a jury of unlawfully taking possession of and driving away a motor vehicle. MCLA 750.413; MSA 28.645.

The errors assigned concern the sufficiency of the evidence, and the propriety of instructions given by the trial judge to the jury. We affirm.

At the trial the defense conceded that the automobile in question had been stolen and that Andrews was in possession of the stolen automobile when he was arrested.

The elements of the crime of unlawfully driving away a motor vehicle are: (1) possession must be taken, (2) there must be a driving or taking away, (3) without authority, and (4) it must be done wilfully. *People v Limon,* 4 Mich App 440, 442 (1966).

The first assignment of error is that Andrews' motion for a directed verdict should have been granted because there was insufficient evidence that the automobile was driven away "without authority". Andrews submits that the owner of the automobile, Cook Construction Company, or the owner of the parking facility from which the automobile was taken might have authorized its removal. The argument is without merit.

William James, a Cook Construction employee, testified that he left the automobile at a downtown Detroit parking facility. Two hours later, when he

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

returned, the automobile was gone. The people thereby established a prima facie case; there is no need to rebut remote possibilities.

Andrews further contends that he was entitled to a directed verdict because, although he was subsequently found driving the automobile, there was no showing that he was the person who removed it from the parking facility. He contends that the unlawful-driving-away-of-a-motor-vehicle statute was meant to punish only the original joyrider. This is not the law. The accused person need not have physically participated in the unlawful taking of possession. A person may be convicted on evidence that he assisted in driving it away knowing it to have been unlawfully taken. *People v Murnane,* 213 Mich 205, 209 (1921). In *People v Tutha,* 276 Mich 387, 395 (1936), the defendant Tutha was found driving the automobile 13 days after it had been taken. The fact that the automobile was in his possession, together with his attempt to escape from the police was held to warrant the inference that his possession of the automobile was not innocent, and his conviction under this joyriding statute was affirmed.

In this case also there was evidence justifying the drawing of the inference of knowledge. The automobile had been located by the police 20 feet to the rear of Andrews' home 4 days after it was taken from the parking facility, and they had then and there disabled it. But James, the owner's employee, testified that the vehicle was not at that location when he arrived to retrieve it. And Andrews was using it when he was arrested two weeks later. *Cf. People v Helcher,* 14 Mich App 386, 390 (1968).

Turning to the claims of instructional error, Andrews contends it was error for the trial judge

to quote the statute under which Andrews was charged and then to explain it as follows:

"So what [the prosecution is] claiming in effect is that this defendant did take or *aided and* assisted in the taking of another person's automobile, and unlawfully did take possession of another man's, or company's car; and that they did this knowingly and wilfully." (Emphasis supplied.)

The statute makes it a crime not only to *"take* possession of and drive or take away" a motor vehicle but to *"assist in* or be a party to such taking possession of, driving or taking away". The claim of error centers around the judge's addition of the words "aided and" to the statutory word "assist".

On appeal it is argued that the judge's instruction suggested that Andrews was being charged under MCLA 767.39; MSA 28.979, the aiding and abetting statute, which provides that a person aiding or abetting the commission of an offense may be tried as if he had directly committed the offense.

Andrews argues that even if it is caviled that the judge did not actually instruct the jury on the law of aiding and abetting, the mere mention of "aiding" and "assisting", where no evidence is introduced that there was a principal, constituted reversible error, because the jury might have convicted Andrews of a charge not laid against him.

The information filed in this case against Andrews, following the statutory language, charged that he had taken or *assisted* in taking the automobile. Andrews was not convicted of an offense not charged.

True, there was no direct evidence presented at

the trial that Andrews aided or assisted another person in unlawfully driving away the automobile but here, in contrast with *People v Davis,* 32 Mich App 704 (1971), and *People v Ware,* 12 Mich App 512 (1968) (both breaking and entering cases), relied on by Andrews' appellate counsel, the information charged Andrews, in terms at least, as an assister. There was no objection to the charge that the jury could convict Andrews as an assister; nor was there any objection to the use of the term "aid", a term so close in meaning to the term "assist" as to be, for all practical purposes, synonymous.

Andrews objects, also for the first time on appeal, to the instruction to the jury that knowledge was one of the elements of the offense of unlawfully driving away a motor vehicle, even though this was the very argument his lawyer urged throughout the trial. At the preinstruction conference with Andrews' lawyer, the judge specifically enumerated knowledge as an element of the offense and the prosecutor and Andrews' lawyer agreed that it was an element.

While the "done wilfully" element of the offense of driving away an automobile does not require the people to establish an intent permanently to deprive the owner of possession of the automobile, guilty knowledge is an element of the offense. *People v Murnane,* 213 Mich 205, 209 (1921).

Finally, Andrews contends that the judge committed reversible error in failing to caution the jurors that they could not consider in any manner Andrews' failure to testify when he brought to their attention Andrews' failure to testify during the course of his jury instructions. Again, there was no objection to this instruction. The instruction contains language (the words italicized) which

is in accord with the substance of the instruction Andrews asserts should have been given:

"Now, the defendant in this case didn't take the stand. *He had a right not to.* The Constitutions of the State of Michigan and of the United States give him that right. *He doesn't have to take the stand* because the law in a criminal case is that he doesn't have to prove himself innocent. *The prosecutor has to prove him guilty beyond a reasonable doubt;* and if he can't prove him guilty beyond a reasonable doubt, he is innocent." (Emphasis supplied.)

We have considered, separately and together, these claims of instructional error, none of which were preserved by objection at the trial, all of which could have been corrected, if correction was required, by further instruction had the objections now advanced been urged at the time. We are satisfied that the asserted deficiencies now highlighted, if error at all, do not justify the granting of a new trial.

Affirmed.