## PEOPLE v CRUTCHFIELD

1. CRIMINAL LAW—ACCOMPLICES—SPECIAL CAUTIONARY INSTRUCTIONS
—CREDIBILITY—SUA SPONTE INSTRUCTIONS.

A court is generally not required to give a special cautionary instruction on the credibility of an accomplice *sua sponte.*

2. CRIMINAL LAW—ACCOMPLICES—SPECIAL CAUTIONARY INSTRUCTIONS
—CREDIBILITY—REQUEST FOR INSTRUCTIONS.

Failure to give a special cautionary instruction to the effect that testimony of accomplices must be carefully scrutinized, weighed with great care, and received with caution was not error where there was no request for such an instruction and the issue of defendant's guilt was not closely drawn.

3. CRIMINAL LAW—YOUTHFUL TRAINEE—PETITIONS FOR ASSIGNMENT—
STATUTES—EFFECT OF PETITION.

A court's assignment of a youth to the status of a youthful trainee upon his petition under the statute providing for such an assignment is not deemed to be a conviction of crime (MCLA 762.14).

4. WITNESSES—CRIMINAL LAW—EXAMINATION OF WITNESSES—PRIOR
ARRESTS—PRIOR CHARGES—CONVICTIONS.

No inquiry regarding prior arrests or charges which did not result in convictions may be made in the examination or cross-examination of a witness.

5. WITNESSES—CRIMINAL LAW—CODEFENDANTS—EVIDENCE—INTEREST
—BIAS—PREJUDICE—JUVENILES—STATUTES—YOUTHFUL
TRAINEE ACT—LESSER OFFENSES.

Evidence of a witness's interest, bias or prejudice may properly be presented to the jury in a criminal case where the witness was

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 115 *et seq.*
[3] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 8.
[4] 58 Am Jur, Witnesses § 687.
[5] 58 Am Jur, Witnesses §§ 695, 866, 868.
[6] 75 Am Jur 2d, Trial § 906.

originally a codefendant in the case, but has received favorable treatment by petition under a juvenile statute or youthful trainee act, by pleading to a lesser offense, or by any similar type of arrangement, whether consummated or pending.

6. CRIMINAL LAW—APPEAL AND ERROR—INSTRUCTIONS TO JURY—OB-JECTIONS—COURT RULES.

A party's failure to object to the adequacy of instructions to the jury precludes his claim on appeal that the instructions on certain issues should have been more extensive (GCR 1963, 516.2).

Appeal from Wayne, John M. Wise, J. Submitted Division 1 April 10, 1975, at Detroit. (Docket No. 21335.) Decided June 11, 1975. Leave to appeal denied, 395 Mich 758.

David E. Crutchfield was convicted of unlawfully driving away a motor vehicle. Defendant appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research Training and Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*George Stone,* for defendant on appeal.

Before: R. B. BURNS, P. J., and M. J. KELLY and O'HARA,* JJ.

M. J. KELLY, J. Defendant was charged with and convicted of unlawfully driving away a motor vehicle. MCLA 750.413; MSA 28.645. His appeal is of right.

The defendant and Gary Clemmons were caught

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

in the act of attempting to steal a motor vehicle from the Ford Motor Company parking lot in Dearborn. Clemmons, because of his age, qualified for status under the Holmes Youthful Trainee Act, MCLA 762.11 *et seq.;* MSA 28.853(11) *et seq.* He was assigned to the status of youthful trainee before trial of the instant case. Clemmons agreed to testify against the defendant while the disposition of the charge against Clemmons was pending. Clemmons was in fact the principal witness against defendant at trial. The questions on appeal arise out of the treatment of the accomplice's testimony.

Defendant first claims that the trial court committed reversible error by failing to give the jury a special cautionary instruction on the credibility of the accomplice. In general, a trial court is not required to give such instructions *sua sponte. People v Maybee,* 44 Mich App 268; 205 NW2d 244 (1973). In *People v McCoy,* 392 Mich 231, 240; 220 NW2d 456 (1974), the majority stated:

"For cases tried after the publication of this opinion, it will be deemed reversible error * * * to fail upon request to give a cautionary instruction concerning accomplice testimony and, if the issue is closely drawn, it may be reversible error to fail to give such a cautionary instruction even in the absence of a request to charge."

Obviously that makes the mandate prospective from August 2, 1974. The crime charged here took place November 21, 1973 and the jury returned a verdict on January 29, 1974. We observe also that the issue is not closely drawn here.

Ten police witnesses testified, as did the three other occupants of the car and three plant security guards. Under the circumstances we cannot say

that the failure to give a cautionary instruction to the effect that "testimony of accomplices must be carefully scrutinized, weighed with great care, and received with caution", *United States v Birmingham,* 447 F2d 1313, 1317 (CA 10, 1971), quoted at *People v McCoy, supra,* at 238, was error.

The defendant and Clemmons were apprehended as a result of concerted police action. Apparently there was cause to believe that systematic thefts had occurred from the parking lot. A Ford security man with binoculars was stationed in a nearby building to watch the parking lot. Surveillance teams of officers in two or more groups had the lot under scrutiny. The defendant and Clemmons were observed from the time they came into the parking lot, went through the process of selecting the car of their choice and then backed up against it. Defendant was seen getting out of his car to get the snatch bar from the trunk, Clemmons took the bar and with it pulled out the ignition, started the vehicle with a screwdriver and was apprehended by command of the police officer just as he started to drive away. Defendant driving his own car attempted to flee and stopped after a 12-guage shotgun was fired at the rear tire.

Clemmons' status as he was undergoing cross-examination was such that his petition under the Holmes Youthful Trainee Act had been granted and the trial judge had the option to have him placed on probation or to have him committed to the Department of Corrections for custodial supervision and training. MCLA 762.13; MSA 28.853(13).

Defense counsel sought to impeach Clemmons' credibility by revealing the Holmes Act proceedings. The trial judge ruled that the petition by Clemmons did not constitute a conviction and refused to permit such cross-examination, holding

that reference could be made only to arrests resulting in conviction. Defendant now claims that he was prevented from showing the bias and interest of the witness.

The trial judge was correct in concluding that the petition of Clemmons was not a conviction. MCLA 762.14; MSA 28.853(14) specifically provides "An assignment of a youth to the status of youthful trainee, as provided in this chapter, shall not be deemed to be a conviction of crime * * * ". The court in *People v Falkner,* 389 Mich 682, 695; 209 NW2d 193 (1973), said:

"We hold that in the examination or cross-examination of any witness, no inquiry may be made regarding prior arrests or charges against such witness which did not result in conviction; neither may such witness be examined with reference to higher original charges which have not resulted in conviction, whether by plea or trial."

The *Falkner* rule very clearly limits cross-examination to convictions. In the context that trial counsel urged that he be allowed to pursue this line of questioning the court's adverse ruling was correct. Defense counsel argued:

"Your Honor, this procedure and posture was set up right before this trial started and I feel it's unfair."

\* \* \*

"Prior to the date that this case was scheduled this man petitioned the court for the Holmes Act and established the posture of the case. The way it is right now I could attack his credibility."

\* \* \*

"He is not [subject to the Holmes Act] right now."

\* \* \*

"Maybe he has been arrested and convicted of something else."

Obviously it was defense counsel's belief that he should have been allowed to attack Clemmons' credibility and impeach his character by revealing, before the jury, the serious charge against him, in accordance with the pre-*Falkner* state of the law in this respect. Before *Falkner* such impeachment was allowable, not after.

We have a much narrower question here. The question here is: When one who was originally a co-defendant but who has received favorable treatment in any way, *e.g.,* by petition under a juvenile statute or youthful trainee act, by pleading to a lesser offense, or by any similar type of arrangement, whether consummated or pending, should that information be allowed before the jury to show interest, bias or prejudice? We think the answer to that question should be in the affirmative. However it was never perceived in this context at trial and we therefore hold its exclusion proper.

The question asked witness-accomplice Clemmons was: "Were you arrested and convicted of this charge?" After this the discussions between court and counsel took place outside the presence of the jury.

No attempt was made to urge the applicability of MCLA 600.2158; MSA 27A.2158:

"No person shall be excluded from giving evidence in any matter, civil or criminal, by reason of crime or for any interest of such person in the matter, suit, or proceeding in question, or in the event of such matter, suit or proceeding, in which such testimony may be offered, or by reason of marital or other relationship to any party thereto; *but such* interest, relationship, or

*conviction of crime, may be shown for the purpose of drawing in question the credibility of such witness,* except as is hereinafter provided." (Emphasis added.)

or MCLA 600.2159; MSA 27A.2159:

"On the trial of any issue joined, or in any matter, suit or proceeding, in any court, or on any inquiry arising in any suit or proceeding in any court, or before any officer or person having by law, or by consent of parties, authority to hear, receive, and examine evidence, the parties to any such suit or proceeding named in the record, and persons for whose benefit such suit or proceeding is prosecuted, or defended, may be witnesses therein in their own behalf or otherwise, in the same manner as other witnesses, except as hereinafter otherwise provided; and the deposition of any such party or person may be taken and used in evidence under the rules and statutes governing depositions, and any such party or person may be proceeded against and compelled to attend and testify, as is provided by law for other witnesses. No person shall be disqualified as a witness in any civil or criminal case or proceeding by reason of his interest in the event of the same as a party or otherwise or by reason of his having been convicted of any crime; *but such interest or conviction may be shown for the purpose of affecting his credibility.* A defendant in any criminal case or proceeding shall only at his own request be deemed a competent witness, and his neglect to testify shall not create any presumption against him, nor shall the court permit any reference or comment to be made to or upon such neglect." (Emphasis added.)

Defendant did not tender an offer of proof or request the opportunity to make a separate record. He did not couch his cross-examination in terms of the interest of witness-accomplice Clemmons in the outcome of the proceeding and therefore did not preserve it for review. We can of course reverse if we find clear prejudicial error but for

which a different result might have obtained. See MCLA 769.26; MSA 28.1096. We are not so persuaded here. This is a situation where the evidence sought to be uncovered on cross-examination was admissible for the purpose of showing interest, bias and relationship, but inadmissible for impeachment purposes under *Falkner.* If we thought the outcome in this jury trial hinged solely on the testimony of the witness-accomplice we might be inclined to view the context differently. However in the context of this record, with the many eyewitnesses who testified, we are inclined to view witness-accomplice Clemmons' testimony as cumulative rather than determinative and find no reversible error.

Defendant also challenges the sufficiency of the evidence as to the "driving away" claiming that the car had been started but hadn't actually begun moving away. We note that one officer testified that the car started to ease away and another testified that it started to pull away before the arrest was made.

Finally, defendant urges inadequacy in the jury instructions while admitting that there was no objection by defense counsel to the instructions. We believe the instructions given by the trial judge fully and fairly apprised the jurors of their duty and the applicable law. *People v Andrews,* 45 Mich App 354, 357–359; 206 NW2d 517 (1973), *People v Peay,* 37 Mich App 414; 195 NW2d 75 (1971), *lv den,* 388 Mich 795 (1972). To the extent that defendant claims on appeal that the instructions on certain issues should have been more extensive, his silence at trial is fatal. GCR 1963, 516.2.

Affirmed.