PEOPLE v HARRINGTON

Opinion of the Court

1. Criminal Law—Informations—Prior Offense—Adversary
   Hearing—Second Offender—Sentence—Statutes.

   An information charging a defendant with being a second nar-
   cotic offender need not be quashed for the reason that no
   preliminary examination had been held on that charge because
   there is no legislative provision for an adversary hearing
   regarding the prior offense and the second offender status can
   be challenged at sentencing (MCLA 335.348; MSA 18.1070[48]).

2. Criminal Law—Preliminary Examinations—Separate Crimes—
   Sentence—Statutes.

   There is no right to a preliminary examination on a charge as a
   second offender where a statute does not create a separate
   crime but merely creates a factor which augments the sentence
   of a crime (MCLA 335.348; MSA 18.1070[48]).

3. Witnesses—Criminal Law—Defendant as Witness—Credibility
   —Prior Sentences—Appeal and Error.

   It is reversible error when testing credibility of a defendant to
   cross-examine the defendant as to the details of his prior prison
   sentence.

4. Witnesses—Criminal Law—Examination—Cross-Examination—
   Prior Arrests and Convictions—Admissibility—Impeach-
   ment.

   Arrests not resulting in convictions are not admissible to im-
   peach; however, a witness may be cross-examined as to any
   interest he might have in the outcome of the trial and this

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law §§ 442, 446, 530.
[3–5] 81 Am Jur 2d, Witnesses §§ 582, 587–589.
   Impeachment of witness by evidence or inquiry as to arrest, accusa-
   tion or prosecution. 20 ALR2d 1421.
   Propriety, on impeaching credibility of witness in criminal case by
   showing former conviction, of questions relating to nature and
   extent of punishment. 67 ALR3d 775.

examination might encompass questions as to arrests not resulting in convictions.

DISSENT BY DANHOF, C. J.

5. WITNESSES—CRIMINAL LAW—DEFENDANT AS WITNESS—PRIOR CONVICTIONS—PRIOR SENTENCES—FAILURE TO RULE OR OBJECT.

*A trial court ruling, over defense objection, that a prosecutor could inquire into a defendant's prior convictions and the total number of years he had spent in prison is error, but no error occurs where a defendant had put in issue the question of whether the condition of his parole that he not associate with known criminals had affected his conduct and the prosecutor cross-examined the defendant on that point, where there was no prior ruling on inquiry into defendant's sentence and where no objections to the prosecutor's questions were registered by defense counsel.*

Appeal from Montcalm, Leo B. Bebeau, J. Submitted May 4, 1977, at Lansing. (Docket No. 27335.) Decided June 7, 1977. Leave to appeal denied, 401 Mich —.

Gregory J. Harrington was convicted of delivery of marijuana. Defendant appeals. Reversed and remanded.

*Stiles, Fowler & Dudley, P. C.,* for defendant on appeal.

Before: DANHOF, C. J., and R. B. BURNS and E. A. QUINNELL,* JJ.

R. B. BURNS, J. Defendant appeals his jury conviction of delivery of marijuana contrary to MCLA 335.341(1)(c); MSA 18.1070(41)(1)(c).

Defendant first argues that the trial court erred in denying his motion to quash the information. MCLA 767.42(1); MSA 28.982 provides in part:

"An information shall not be filed against any person

* Circuit judge, sitting on the Court of Appeals by assignment.

for a felony until such person has had a preliminary examination therefor".

The information charged defendant with being a second offender under MCLA 335.348; MSA 18.1070(48), which provides in part:

"Any person convicted of a second or subsequent offense under this act may be imprisoned for a term up to twice the term otherwise authorized or fined an amount up to twice that otherwise authorized, or both."

Defendant contends he was entitled to a preliminary examination as to his second offender status.

In *People v McFadden,* 73 Mich App 232; 251 NW2d 297 (1977), we deduced from the absence of a procedural framework in MCLA 335.348; MSA 18.1070(48) a legislative intent not to provide an adversary hearing regarding the prior offense, and observed that the second offender status could be challenged at sentencing. The statute is therefore analogous to the habitual offender act, MCLA 769.10 *et seq.;* MSA 28.1082 *et seq.,* in that it does not create a separate crime, but merely creates a factor which augments the sentence of a crime. See, *e.g., People v Hendrick,* 398 Mich 410, 416–417; 247 NW2d 840, 842 (1976). Since the statute does not create a crime, there is no right to a preliminary examination thereon. MCLA 767.42(1); MSA 28.982; see *People v Judge of Recorder's Court,* 251 Mich 626, 627; 232 NW 402, 403 (1930). It was therefore not error for the trial court to deny defendant's motion to quash.

A police informant testified that defendant sold him marijuana. The sale was overheard and verified by a police officer. Defendant denied the sale, and by way of explanation stated on direct examination that he knew the informant had previously

been arrested, and therefore avoided him because he, defendant, was on parole. On cross-examination, the prosecutor elicited the terms of defendant's parole. It is reversible error to cross-examine a defendant as to the details of his prior prison sentence to test credibility. *People v Rappuhn,* 390 Mich 266, 273–274; 212 NW2d 205, 209; 67 ALR3d 766, 772 (1973). We must reverse.

We address one other issue which may recur on retrial. On cross-examination of the informant, defendant sought to elicit the circumstances surrounding prior arrests of the informant which did not result in convictions, apparently to establish that the informant had made a deal with the police, might still be subject to prosecution, and hence had an interest in the outcome of the case. Arrests not resulting in convictions are not admissible to impeach. *People v Falkner,* 389 Mich 682, 695; 209 NW2d 193, 199 (1973). However, a witness may be cross-examined as to any interest he might have in the outcome of the trial, which might encompass questions as to arrests not resulting in convictions. *People v Sesson,* 45 Mich App 288, 298–302; 206 NW2d 495, 501–502 (1973); see *People v Crutchfield,* 62 Mich App 149; 233 NW2d 507 (1975).

The remaining issues raised by defendant are moot.

Reversed and remanded.

E. A. QUINELL, J., concurred.

DANHOF, C. J. *(dissenting).* I respectfully dissent.

Defendant offered the terms of his parole on direct examination as an explanation of why he would not have associated with the police informant. Defendant did so to bolster his claim that he had not sold anything to the informant.

Under these circumstances, I do not believe that *People v Rappuhn,* 390 Mich 266, 273–274; 212 NW2d 205, 209; 67 ALR3d 766, 772 (1973), is properly applicable to this case. In *Rappuhn* the Court said, "We therefore hold that it is error to cross-examine defendant as to the duration and details of his prior prison sentences *to test his credibility." Id.* at 273–274. (Emphasis added.) The Court noted that "defendant did not make any statement as to the length of sentence resulting from his prior convictions to which he did testify." *Id.* at 271.

Here the prosecutor's questions concerning the conditions of defendant's parole, which included a requirement that he refrain from associating with known criminals, were not irrelevant, as in *Rappuhn.* Defendant had put in issue the question of whether the condition of his parole that he not associate with known criminals had affected his conduct, and in my opinion the prosecutor committed no error in cross-examining defendant on that point.

In *People v Drew,* 67 Mich App 295, 302–304; 240 NW2d 776 (1976), the trial court erroneously ruled, over defense objection, that the prosecutor could inquire not only into defendant's prior convictions, but also into the total number of years he had spent in prison. The majority stated:

"The fact that the detrimental information was brought out by the defense attorney does not constitute a waiver because he had preserved the issue by objecting to the Court's prior ruling. *If there had been no prior ruling and no objection thereto, we would affirm." Id.* at 303–304. (Emphasis added.)

In the present case there had been no prior ruling

permitting inquiry into defendant's sentence,[1] and
defense counsel registered no objection to the pros-
ecutor's questions concerning the conditions of
defendant's parole. Under these circumstances, for
the reasons ably stated by Judge D. E. HOLBROOK,
JR. in his dissent in *Drew,* I would affirm.

---

[1] The trial court did rule, over defense objection, that defendant's
prior *conviction* could be used for impeachment purposes, but the
question of defendant's sentence was not raised, argued, nor ruled
upon.