PEOPLE v OVALLE

Docket No. 64813. Decided July 13, 1981. On application by defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgments of the Court of Appeals and the circuit court, and remanded the case to the circuit court for further proceedings. Motion for clarification denied November 4, 1981.

Vicente Ovalle was convicted on his plea of guilty in Saginaw Circuit Court, Gary R. McDonald, J., of second-degree murder. The trial judge conducted the guilty plea proceeding in English but, because of the defendant's difficulty with the English language, appointed an interpreter, who was a lawyer, to translate into Spanish the advice to the defendant of the rights that would be waived by his plea. The transcript of the proceedings recorded the English-language colloquy between the trial judge and the interpreter as the interpreter explained to the defendant, in Spanish, the rights from a form supplied by the trial court. After each explanation in Spanish the translator advised the court that the defendant "understands" or "says he understands". The Court of Appeals, T. M. Burns, P.J., and Cynar and Bach, JJ., affirmed in an unpublished per curiam opinion (Docket No. 78-3972). Defendant applies for leave to appeal.

In a unanimous opinion, the Supreme Court held:

The responsibility for determining that the defendant's plea is understanding, voluntary, and accurate is the trial judge's. The court rule concerning pleas of guilty requires the trial judge to speak directly to the defendant and advise him of the consequences of his plea. That was not done in this case. Where the defendant's lack of command of the English language requires the use of an interpreter, the interpreter's function is to translate the trial judge's statements to the defendant and the defendant's responses. Here, the effect of the procedure was to delegate to the interpreter the trial judge's responsibility to determine that the plea is an understanding one. This was improper, despite the fact that the interpreter was a lawyer.

Reversed and remanded to the circuit court for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Linda Berns Wright,* Appellate Prosecuting Attorney, for the people.

State Appellate Defender (by *Stuart B. Lev)* for defendant.

PER CURIAM. The defendant raises several questions regarding the use of an interpreter to translate between Spanish and English during his guilty plea proceeding. We conclude that the procedure used was improper and reverse.

## I

There is no dispute that the defendant severely beat his ex-wife on February 24, 1978, fatally injuring her. He was charged with murder. The defendant filed a notice of insanity defense, and a psychiatric examination was ordered. At the ensuing competency hearing, the circuit judge found the defendant competent to stand trial on the condition that an interpreter be available to translate between English and Spanish if necessary because of the defendant's difficulty with the English language.

On May 30, 1978, the defendant pled guilty of second-degree murder, and was thereafter sentenced to 15 to 30 years in prison. The Court of Appeals affirmed, and the defendant applied for leave to appeal.

## II

In issue is the manner in which the defendant was advised of the rights that he waived by plead-

ing guilty. GCR 1963, 785.7(1)(g). The trial judge began the plea proceeding by stating the plea bargain, advising the defendant as to the maximum sentence, inquiring as to the defendant's criminal record, and explaining that the plea to this charge could lead to his being found in violation of probation. The judge then began to advise the defendant of the rights that would be waived by his plea, but expressed concern about the defendant's understanding and decided that it would be better to have the rights translated into Spanish. The transcript records the English-language portion of this colloquy as follows:

"*The Court:* If I accept this plea that he will not have a trial of any kind and that he would give up his rights that he would have at a trial.

"*Mr. Vargas:*[1] He doesn't want a jury, he wants to plead guilty.

"*The Court:* But he understands paragraph (g) [of the court rule]. And I'll make a copy of this for the file. And we will refer to it as (g).

"*Mr. Vargas:* (g)(i). I'll tell him (g)(ii) now. I'll explain paragraph (g)(iii).

"All right. I explained (g)(iii) to him.

"*The Court:* And does he indicate that he understands?

"*Mr. Vargas:* Yes, he understands.

"*The Court:* And he understands (i) and (ii) also?

"*Mr. Vargas:* Yes, he does. He says he understands paragraph (g)(iv).

"He understands (g)(v).

"He says he understands (g)(vi).

"He understands (g)(vii).

"He says he understands (g)(viii).

---

[1] The interpreter, Mr. Vargas, was also a lawyer, although the defendant was represented by another attorney during the proceeding.

"*The Court:* (g)(ix).

"*Mr. Vargas:* (g)(ix).

"He says he understands (g)(x).

"*The Court:* All right. The record will show that the paragraph number that we're referring to is a guilty plea form that the court has for its own benefit that I will make a photocopy of and keep with the file in this matter."

The trial judge then asked the defendant in English if he understood that by pleading guilty he was waiving the rights explained by the interpreter, to which the defendant replied in the affirmative. The factual basis for the plea was also taken in English.

## III

GCR 1963, 785.7 places the responsibility for determining that the defendant's plea is understanding, voluntary, and accurate on the trial judge. As to the requirements of rule 785.7(1)(g), the trial judge is to speak directly to the defendant and advise him of the consequences of his plea. That was not done in this case.[2] There are times, as here, when a defendant's lack of command of the English language requires the use of an interpreter. However, the interpreter's function is to *translate* the trial judge's statements to the defen-

---

[2] Sometimes the failure of the trial judge to personally give all of the required advice to the defendant does not require reversal. See *Guilty Plea Cases*, 395 Mich 96, 114; 235 NW2d 132 (1975). However, in those cases, the record demonstrates that the information involved was provided to the defendant in another way. In the present case, the lack of a record of the conversations in Spanish between the defendant and the interpreter precludes such a finding.

dant and the defendant's responses.[3] Here, the effect of the procedure was to delegate to the interpreter the trial judge's responsibility to determine that the plea is an understanding one. This was improper, despite the fact that the interpreter was a lawyer.

Accordingly, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the judgments of the Court of Appeals and the circuit court and remand to the circuit court for further proceedings.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

[3] See MRE 604:

"An interpreter is subject to the provisions of these rules relating to qualification as an expert and the administration of an oath or affirmation that he will make a true translation."

We note that in this case the interpreter was not sworn as required by the rule.