PEOPLE v LOVE

1. CRIMINAL LAW—TESTIMONY OF ACCOMPLICE—INSTRUCTIONS TO JURY.

> The refusal by the trial judge to instruct the jury that they must weigh the testimony of an accomplice very carefully, as requested by defense counsel, and the refusal to apprise the jury of the dismissal of the charge against an accomplice constitutes reversible error.

2. CRIMINAL LAW—UNCORROBORATED TESTIMONY—CORPUS DELICTI— TESTIMONY OF ACCOMPLICE—INSTRUCTIONS TO JURY.

> A jury may find the defendant guilty on the uncorroborated testimony of an accomplice where the corpus delicti has been shown previously, but the testimony of an accomplice must be viewed with some suspicion and the defendant has a right to a special cautionary instruction to the jury regarding the credibility of an accomplice.

3. CRIMINAL LAW—TESTIMONY OF ACCOMPLICE—CREDIBILITY OF WITNESS—INSTRUCTIONS TO JURY.

> It is incumbent upon the prosecutor to make known to the jury the fact that immunity has been granted to or a plea to a reduced charge has been accepted from a testifying accomplice, since in such situations the probability of false swearing is heightened; and the trial court must inform the jury of such a fact if it comes to the attention of the court, and, when defense counsel requests, the trial judge should instruct the jury to carefully consider the weight to be given the accomplice's testimony in light of the various temptations under which such witness may be placed and the motives by which he may be actuated.

Appeal from Recorder's Court of Detroit, Richard D. Dunn, J. Submitted Division 1 April 5,

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 53 Am Jur, Trial § 646.

   21 Am Jur 2d, Criminal Law § 118.

1972, at Detroit. (Docket No. 10287.) Decided November 27, 1972.

Jesse Love was convicted of extortion. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Armand D. Bove,* for defendant on appeal.

Before: LEVIN, P. J., and BRONSON and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. Defendant was charged, along with three others, with extortion, MCLA 750.213; MSA 28.410, was found guilty of that crime by a jury, and was sentenced to a term of from 10 to 20 years in prison. From that conviction he brings this appeal.

Because complainant, a 75-year-old man, had died prior to trial, complainant's preliminary examination testimony was read into the record at the trial. Complainant's testimony, in essence, was that he received a telephone call from a woman who demanded that he place $800 in a certain mailbox and threatened him that if he failed to comply with the demand he would suffer dire consequences. After receiving the call, he called who he believed to be the police. A male, who identified himself as a police officer, told him to comply with the demand, which complainant did.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Somewhat later he received another call demanding $700, and was instructed to place the same on the windshield of a certain car. On the advice of the police, complainant placed a dummy package of money on the windshield of the designated automobile. The automobile was placed under surveillance, and later two women were arrested when they attempted to take possession of the package.

The evidence against Jesse Love was flimsy. The people's claim was that he was the mastermind of the extortion plot. It is not claimed that he participated in any of the overt acts committed by his purported accomplices, who were observed by the witnesses who testified for the people. The only evidence supporting the people's claim was the testimony of Jesse Love's sister, Rebecca Love, an admitted participant and codefendant. Rebecca Love's testimony implicating her brother Jesse was impeached by several witnesses who testified that she had told them that Jesse had not been involved in the extortion plot.

After the completion of arguments of counsel and before the judge delivered his instructions to the jury, the prosecutor moved to dismiss the cause as to Rebecca Love. The judge granted the motion. The judge at the outset of the instructions to the jury read from the information, and when he came to the name of Rebecca Love, he stated:

"[T]he next name is Rebecca Love. That case is no longer before you. Her case has been disposed of by this court."

The trial court refused to elaborate on that statement and refused to apprise the jury, as requested by defendant's lawyer, that "the prosecutor has

made a motion to dismiss Rebecca Love and the court has granted it". Defendant's lawyer requested an instruction that the jury must weigh the testimony of the accomplice very carefully. The judge refused to give such an instruction. The refusal to apprise the jury of dismissal of the charge against Rebecca Love coupled with the refusal to instruct the jury to carefully consider Rebecca Love's testimony constituted reversible error.

While there is no question that the jury could find defendant guilty on the basis of the uncorroborated testimony of the professed accomplice since the corpus delicti had already been shown,[1] the testimony of an accomplice must be viewed with some suspicion. As tersely stated in 30 Am Jur 2d, Evidence, § 1148, p 323:

> "Testimony of an accomplice has been held to be fraught with weakness due to the effect of fear, threats, hostility, motives, or hope of leniency. The consideration of the infirmities of this kind of testimony goes to the credibility of the evidence, and the law requires that such testimony be closely scrutinized and accepted with caution. From Crown political prosecutions, and before, to recent prison camp inquisitions, a long history of human frailty and governmental overreaching for conviction has justified distrust in accomplice testimony. It has been said that a skeptical approach to accomplice testimony is a mark of the fair administration of justice."

Numerous courts have recognized the inherent probability that such testimony may be infirm by recognizing a right on the part of the defendant to have a special cautionary instruction given to the

---

[1] *People v Barron*, 381 Mich 421, 425 (1968); *People v Jenness*, 5 Mich 305, 330 (1858).

jury regarding the credibility of an accomplice.[2] What Michigan authority there is seems to be in accord with the views of these courts.[3]

---

[2] See *Tillery v United States*, 411 F2d 644 (CA 5, 1969); *United States v Davis*, 439 F2d 1105 (CA 9, 1971); *Padgett v State*, 53 So 2d 106 (Fla, 1951); *State v Chang*, 46 Hawaii 22; 374 P2d 5 (1962); *Green v State*, 241 Ind 96; 168 NE2d 345 (1960); *People v Gore*, 64 Ill App 2d 309; 211 NE2d 757 (1965); *Rue v Commonwealth*, 347 SW2d 74 (Ky, 1961); *Cole v State*, 289 Minn 503; 183 NW2d 290 (1971); *Jungclaus v State*, 170 Neb 704; 104 NW2d 327 (1960); *State v Mangrella*, 86 NJ Super 404; 207 A2d 175 (1965); *State v Badda*, 63 Wash 2d 176; 385 P2d 859 (1963); *O'Brien v People*, 42 Colo 40, 94 P 284 (1908).

*See generally* 7 Wigmore on Evidence, §§ 2056–2058; pp 312–325.

[3] *In People v Jenness, supra,* p 330, the Michigan Supreme Court said:

"We think it is the duty of a judge to comment upon the nature of such testimony [of accomplices], as the circumstances of the case may require; to point out the various grounds of suspicion which may attach to it; to call their attention to the various temptations under which such witness may be placed, and the motives by which he may be actuated; and any other circumstances which go to discredit or confirm the witness, all of which must vary with the nature and circumstances of each particular case." *See, also, People v Hubbard,* 92 Mich 322, 325 (1892).

Later cases which may appear to establish a different rule are distinguishable.

In *People v Zesk,* 309 Mich 129, 132–133 (1944), the defendant claimed that the judge should have directed the jury to "look with suspicion on the testimony of a self-confessed murderer and perjurer"; the Michigan Supreme Court responded saying the correct rule was well stated in Gillespie [now 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 663, p 851]:

"The credibility of an accomplice, like that of any other witness, is exclusively a question for the jury, and it is well settled that the jury may convict on such testimony alone. It is not error for the court to refuse to charge that it is *not safe to convict* a defendant on the uncorroborated testimony of an accomplice." (Emphasis supplied.)

The *Zesk* Court went on to state, "The trial judge probably would have charged the jury to *carefully consider* the weight of the accomplice's testimony had defendant's counsel made the request". (Emphasis supplied.)

In *People v Dumas,* 161 Mich 45, 47 (1910), the Court, before apparently stating that the judge was not obliged to give a cautionary instruction, stated, "It does not appear that any requests to charge were preferred". Also, it did not appear that the accomplice had been promised or that he expected immunity.

In *People v Sawicki,* 4 Mich App 467 (1966), the judge had in fact given a cautionary instruction such as the judge in this case refused to give.

Certainly in a situation where, as here, the accomplice has been granted immunity in order to secure his testimony, it is incumbent upon both the prosecutor and trial judge to make known that fact to the jury. In *Giglio v United States,* 405 US 150, 154–155; 92 S Ct 763, 766; 31 L Ed 2d 104, 109 (1972), the United States Supreme Court reversed Giglio's conviction because of the prosecutor's non-disclosure of a promise not to prosecute. The Court declared:

"Here the Government's case depended almost entirely on [the alleged coconspirator's] testimony; without it there could have been no indictment and no evidence to carry the case to the jury. [The coconspirator's] credibility as a witness was therefore an important issue in the case, and evidence of any understanding or agreement as to a future prosecution would be relevant to his credibility *and the jury was entitled to know of it.*" (Emphasis supplied.)

See also *People v Nettles,* 41 Mich App 215 (1972).

Fundamental due process requires that the prosecutor fully inform the jury of all facts relevant to their determination of the case. Since the credibility of the witnesses is of the utmost importance, and since the granting of immunity to an accomplice creates a situation in which the probability of false swearing is heightened, it is incumbent upon the prosecutor to make known to the jury the fact that immunity or a plea to a reduced charge has been granted to the testifying accomplice. It is therefore axiomatic that the trial court must inform the jury of such fact, if such fact comes to the attention of the court. Further, the trial court, upon a request of counsel, should instruct the jury to carefully consider the weight to be given the accomplice's testimony in light of the various temptations under which such witness may be

placed and the motives by which he may be actuated.

Since reversal and remand for a new trial is mandated for the above-discussed reasons, it is unnecessary to reach the question of whether the trial judge should have granted Jesse Love's motion for a separate trial because he and codefendant Rebecca Love intended to rely on contradictory "defenses":

—he: his innocence;

—she: establishing Jesse's guilt to the satisfaction of the prosecutor.

Defendant also contends that the trial court lost jurisdiction because he was not brought to trial within 180 days as required by MCLA 780.131; MSA 28.969(1). Since the question may arise on retrial, we hold that the trial court's finding that the prosecutor acted in good faith is supported by the record; therefore, the requirements of the statute were fulfilled and the court retained jurisdiction. *People v Hendershot*, 357 Mich 300, 304 (1959); *People v Herbert Smith*, 34 Mich App 205, 209 (1971).

Reversed and remanded for new trial.

All concurred.