PEOPLE v McWHORTER

Docket No. 90350. Submitted February 3, 1986, at Lansing.—Decided
April 9, 1986.

Robert A. McWhorter was convicted of kidnapping and conspir-
acy to kidnap following a jury trial in Kalamazoo Circuit Court,
Marvin J. Salmon, J. Defendant appealed. The Court of Ap-
peals reversed, holding that error mandating reversal arose
from the prosecutor's comments concerning the fact that the
defendant's presence at trial allowed him the opportunity to
fabricate a story consistent with trial testimony and from the
prosecutor's questioning of defendant relative to his financial
condition. Docket No. 54321, decided May 2, 1984 [unreported].
Defendant sought leave to appeal to the Supreme Court. The
Supreme Court granted leave. 419 Mich 924 (1984). Thereafter,
the Court held that the prosecutor's remarks did not mandate
reversal and remanded to the Court of Appeals for reconsidera-
tion of the other issues raised by defendant. 421 Mich 1 (1985).
*Held:*

1. While it was error for the prosecutor to ask defendant if
he was $250,000 in debt at times remote from the date of the
kidnapping, that error was harmless in view of the fact that
defendant denied any such debt.

2. There was sufficient evidence to support the verdicts
returned by the jury.

3. While one of the prosecution's witnesses offered different
testimony at trial than that given at the preliminary examina-
tion, the prosecution did not know that the testimony would be
changed until shortly before trial and did nothing to conceal
the fact that the witness was changing his testimony. Since
defense counsel used the fact of the changed testimony to
impeach the witness, there was no prejudice to defendant.

4. The prosecutor's duty to assist a defendant in discovery

REFERENCES

Am Jur 2d, Appeal and Error §§ 545 *et seq.*
Am Jur 2d, Criminal Law §§ 133, 998-1006.
See the annotations in the ALR3d/4th Quick Index under Criminal
Law; Witnesses.

does not extend to securing on a defendant's behalf documents which are in the hands of federal and out-of-state agencies.

5. There is no showing that the prosecutor breached any agreement with defendant to dismiss the kidnapping charge.

6. The allegations of instructional error are either not properly preserved for appellate review or without substantive merit.

7. The brief reference to the willingness of a prosecution witness to undergo hypnosis for the purpose of the refreshing of her memory does not mandate reversal.

8. The alleged res gestae witness who defendant claims should have been endorsed on the information was clearly not a res gestae witness.

9. Newly discovered evidence which relates only to credibility of a witness is not sufficient to require a new trial.

10. Defendant has failed to show any basis for finding that he was denied effective assistance of counsel.

11. Defendant has failed to establish that reversal is mandated by the fact that during the trial the prosecutor took heroic action to protect the jury and court personnel when a tornado struck while court was in session.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — MOTIVE — FINANCIAL CONDITION.
   Evidence of a criminal defendant's financial condition is generally not admissible to prove motive, although evidence of financial condition may be admissible in a particular case.

2. CRIMINAL LAW — EVIDENCE — FINANCIAL CONDITION.
   Questioning by the prosecution of a criminal defendant as to whether he was heavily in debt for the purpose of attempting to establish a motive for the kidnapping with which defendant was charged, even if error, is harmless error where the defendant denies any such financial difficulty.

3. PROSECUTING ATTORNEYS — PROSECUTORIAL MISCONDUCT — PRESERVING QUESTION.
   The failure to object in the trial court to acts of alleged prosecutorial misconduct precludes appellate review.

4. WITNESSES — CRIMINAL LAW — FALSE TESTIMONY.
   Error mandating reversal occurs in a criminal trial where the prosecution knowingly presents false testimony; however, no error occurs where the prosecution learns only just before trial that its witness will testify differently from the testimony given at the preliminary examination and the prosecution makes no

attempt to conceal that the trial testimony is different from the prior testimony.

5. Criminal Law — Discovery.

The prosecution is under no duty to undertake on behalf of a criminal defendant the securing of documents from federal and out-of-state authorities; the prosecution's obligation under Michigan's broadened criminal discovery rule is more than satisfied where the prosecution turns over to defense counsel the entire prosecution file.

6. New Trial — Witnesses — Credibility.

Newly discovered evidence which relates only to witness credibility is not sufficient to require a new trial.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Robert E. L. Wright,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *F. Martin Tieber),* for defendant on appeal.

Before: R. B. Burns, P.J., and R. M. Maher and Gribbs, JJ.

Per Curiam. Defendant was convicted by a jury of kidnapping, MCL 750.349; MSA 28.581, and conspiracy to kidnap, MCL 750.157a; MSA 28.354(1). He was sentenced to concurrent terms of 2 to 5 years in prison on each count.

Defendant appealed and, in an unpublished opinion per curiam, we reversed on two grounds. We concluded that the prosecutor's comments in closing argument that defendant's presence at trial afforded him an opportunity to fabricate a story and the prosecutor's questioning of defendant regarding his financial condition required reversal. Docket No. 54321, decided May 2, 1984.

The Supreme Court granted leave, 419 Mich 924 (1984), and, subsequently, reversed this Court's

decision in the companion cases of *People v Buckey* and *People v McWhorter,* 424 Mich 1; 378 NW2d 432 (1985). The Supreme Court held that the prosecutor's comments concerning defendant's presence at trial and opportunity to fabricate were not improper. 424 Mich 16. The case has been remanded to us to reconsider whether the questioning of defendant concerning his financial condition was error requiring reversal and to consider allegations of error raised by defendant which we did not address in our original opinion.

## I

We begin by reconsidering whether the questions concerning defendant's financial condition constitute error mandating reversal. In *People v Henderson,* 408 Mich 56; 289 NW2d 376 (1980), the Supreme Court held that evidence of financial condition is not generally admissible to prove motive. However, the Court concluded that evidence of financial condition may be admissible in particular cases. 408 Mich 66. In *Henderson,* the Court found evidence of the defendant's financial condition was admissible where the defendant was charged with embezzlement and was gainfully employed in a managerial position. The Court distinguished between evidence of unemployment or poverty and evidence of an atypical shortage of funds.

In the instant case, defendant was an attorney and was seeking to obtain money from the victim, David Nixon. On cross-examination, the prosecutor questioned defendant about whether he was in serious financial trouble at the time of the kidnapping and whether defendant had over $250,000 in debts. Defendant denied any financial difficulty. The prosecutor then asked whether defendant ever

was in debt for that amount. Defense counsel objected to evidence of financial difficulty at times other than at the time of the abduction, but the trial court permitted an answer. Defendant again denied being in debt.

We adhere to our original conclusion that the prosecutor's questions concerning defendant's financial condition at times other than that of the kidnapping were improper.[1] However, upon reconsideration, we no longer hold the view that the error requires reversal. The only question which concerned a time other than that of the kidnapping was whether defendant had ever owed $250,000, which defendant denied. We conclude that this did not prejudice defendant.

Defendant also raises three additional allegations of prosecutorial misconduct. The first, regarding Nixon's testimony that defendant asked him not to implicate Doug Suess, was not objected to and appellate review is precluded. *People v Hooks,* 101 Mich App 673; 300 NW2d 677 (1980).

Defendant challenges the questioning of his secretary, Charlene Crouch, about whether she heard discussions regarding illegal activities at defendant's office. Following a defense objection, the question was withdrawn. Defendant also challenges the questioning of Crouch on redirect examination regarding whether she had reason to believe defendant was involved in the abduction of Nixon. However, it was defendant who initially brought up the issue of Crouch's opinion of defendant's guilt. We find no prejudice in either of these instances.

## II

On appeal, defendant challenges the sufficiency

---

[1] Questions concerning defendant's financial condition at the time of the kidnapping were, in our opinion, proper under *Henderson, supra.*

of the evidence to support a guilty verdict on the charges of conspiracy to kidnap and aiding and abetting a kidnapping. With regard to the conspiracy charge, there certainly was evidence that defendant intended to combine with Postelwaite and Snyder and specifically intended to kidnap Nixon. See *People v Atley,* 392 Mich 298; 220 NW2d 465 (1974). Similarly, we believe that the evidence presented to the jury sufficiently supported a guilty verdict.

## III

Defendant argues that his convictions should be set aside because they are based on testimony the prosecutor knew was false and perjured. This Court has held that reversible error is presented when a prosecutor knowingly presents false testimony. *People v Thornton,* 80 Mich App 746; 265 NW2d 35 (1978). However, we believe that the instant case is distinguishable from *Thornton.* In this case, Nixon testified at the preliminary examination that he raised his ransom money from his grandmother. At trial, he admitted that the money came from the sale of marijuana. However, at the preliminary examination, other prosecution witnesses testified that Nixon was involved in the drug trade.

Unlike *Thornton,* in this case the prosecutor made no attempt to conceal the fact that Nixon was lying. Moreover, there is no indication, other than the inconsistencies in the preliminary exam testimony, that the prosecutor knew until the day before trial that Nixon had perjured himself. Finally, the version presented at trial was the least helpful to Nixon's credibility and, since it differed from his prior testimony, afforded defense counsel

an opportunity to impeach Nixon. We find no prejudice to defendant.

## IV

Defendant next argues that the trial court reversibly erred by refusing to order the prosecutor to obtain documents from federal and out-of-state authorities. Although the modern trend in Michigan is towards broader criminal discovery,[2] we do not believe that this broader discovery extends to requiring the prosecutor to undertake discovery on behalf of defendant. Defense counsel acknowledged that the prosecutor made his entire file available. That exceeded the requirements placed on the prosecutor.[3] The trial court did not err.

## V

Defendant's next argument is that the prosecutor breached an agreement not to charge him with kidnapping. A hearing was held below and the trial court concluded that either there was no definite agreement or, at most, there was an agreement not to charge defendant with kidnapping if he pled guilty to certain federal charges. Defendant made no such plea. The trial court's decision was not erroneous.

## VI

Defendant next complains that the trial court improperly instructed the jury. Defendant argues that the trial court's instructions regarding specific intent were confusing, the instruction on aiding and abetting was ambiguous, and that the

[2] See *People v Browning (On Rehearing)*, 108 Mich App 281; 310 NW2d 365 (1981).

[3] See *Browning, supra*, p 307.

trial court erred in failing to reinstruct the jury on the definition of specific intent.

With respect to the aiding and abetting instruction, defendant failed to object to the instruction at trial, thus precluding appellate review. *People v Haney,* 86 Mich App 311; 272 NW2d 640 (1978). As for the specific intent instruction, we believe that, after reading the instructions as a whole, the jury was properly instructed in this area. See *People v Johnson,* 93 Mich App 667; 287 NW2d 311 (1979). Finally, the trial court's refusal to reinstruct the jury on specific intent was not erroneous since the jury never requested to be reinstructed in this area.

## VII

Defendant next argues that reversal is required because Crouch indicated a willingness to undergo hypnosis to refresh her memory. However, the remark was made during defense counsel's cross-examination of Crouch, it was stricken from the record, and the trial court offered to give a curative instruction which defendant declined. There is no basis for reversal.

## VIII

Defendant argues that the prosecutor failed to produce a res gestae witness, namely a waitress in a restaurant that defendant, Crouch and Kenney lunched at during the time Nixon was being held. However, Kenney did not indicate that the kidnapping was discussed at the lunch and defendant and Crouch specifically stated that the abduction was not discussed. At no time did defendant move for endorsement. The waitress observed no part of the criminal transaction, and there is not any connec-

tion between the waitress and the crime beyond the possibility of overhearing statements which defendant denies were made. See *People v Carter,* 415 Mich 558; 330 NW2d 314 (1982). The trial court did not err.

## IX

Defendant argues that a remand is necessary to consider newly discovered evidence that casts doubt on the truthfulness of certain testimony material to the prosecutor's case. Defendant's request for a remand on this issue is supported by an affidavit of one of defendant's clients, James Lafler. However, the affidavit only raises issues concerning the credibility of certain prosecution witnesses, it does not directly relate to defendant's guilt. Newly discovered evidence which relates only to witness credibility is not sufficient to require a new trial. *People v Boynton,* 46 Mich App 748; 208 NW2d 523 (1973).

## X

Defendant next argues that a remand is necessary to determine the existence and importance of evidence of concessions made to a prosecution witness. This argument is again based upon new evidence related to witness credibility. No remand is required. *Boynton, supra.*

## XI

Defendant also argues that a remand is required to determine if he was denied effective assistance of counsel due to an alleged conflict of interest arising from his counsel's cooperating with the counsel of codefendants who ultimately turned

state's evidence. However, defendant has failed to show any basis for prejudice on this issue, and remand is not required.

## XII

Defendant next argues that a remand is necessary to determine if there has been a violation of the Interstate Agreement on Detainers Act (IAD), MCL 780.601; MSA 4.147(1). However, defendant never requested a final disposition of his case as required by MCL 780.601, Art III, ¶ (a); MSA 4.147(1), Art III, ¶ (a). Moreover, none of defendant's claimed violation of the IAD relates to delays after December 1, 1978, when he first became a federal prisoner. Until that time, the IAD was inapplicable. No remand is required.

## XIII

This brings us to defendant's final claim of error: that a remand is necessary to determine whether the jury was improperly influenced when "the trial prosecutor took heroic action to protect the court's personnel including the jury" when a tornado struck downtown Kalamazoo on May 13, 1980. Defendant concedes this is a novel issue. While admitting the prosecutor's conduct was commendable, defendant is concerned it may have influenced the jury to the prosecutor's favor. When the proceedings resumed a week later, defendant was afforded an opportunity to place anything on the record concerning the interruption in the proceedings. Defense counsel made no objections.

We agree the issue is novel, but find no basis for reversal.

Affirmed.