PEOPLE v CUNNINGHAM

Docket No. 170163. Submitted December 5, 1995, at Lansing. Decided
    March 5, 1996, at 9:05 A.M.

 Keith J. Cunningham was convicted by a jury in the Lapeer
Circuit Court, Nick O. Holowka, J., of first-degree criminal
sexual conduct. During the trial, the defendant objected to
specific instances of perceived improper translation by an inter-
preter of the responses of the complainant, who does not speak
English. The court denied the defendant's motion for a mistrial
that was based on the alleged improper translation. The defend-
ant appealed.

 The Court of Appeals *held:*

 1. The defendant is entitled to a new trial because the
interpreter interfered with the defendant's right to cross-exami-
nation.

 2. The interpreter did not translate each question and an-
swer, but, instead, had a conversation with the complainant
that was not translated for the trier of fact. Even if the
complainant's answer was unclear or unresponsive, it was not
the role of the interpreter to provide clarification. The inter-
preter directly responded to some questions on the basis of her
understanding of the complainant's prior testimony. Inadequate
translation of the complainant's cross-examination denied the
defendant his constitutional right to confront the witnesses
against him. The trial court abused its discretion in denying
the defendant's motion for a mistrial. The matter must be
remanded for a new proceeding because, without a recording of
the trial, it is impossible to determine whether the error was
harmless beyond a reasonable doubt.

 Reversed and remanded.

1. MOTIONS AND ORDERS — MISTRIALS — APPEAL.

 A trial court's grant or denial of a motion for a mistrial will not
be reversed on appeal in the absence of an abuse of discretion;
a mistrial should be granted only for an irregularity that is

REFERENCES

Am Jur 2d, Trial §§ 234, 1706.
See ALR Index under Interpreters; Mistrial.

prejudicial to the rights of the defendant and impairs the defendant's ability to get a fair trial.

2. TRIAL — INTERPRETERS.

The proceedings or testimony at a trial where an interpreter is employed generally are to be interpreted in a simultaneous, continuous, and literal manner, without delay, interruption, omission from, addition to, or alteration of the matter spoken, so that the participants receive a timely, accurate, and complete translation of what has been said; although occasional lapses will not render a trial fundamentally unfair, adequate translation of trial proceedings requires translation of everything relating to the trial that someone conversant in English would be privy to hear; an interpreter may not aid or prompt the primary witness in any way, or render a summary of what the witness stated; the translation of each question and answer is required in order to guarantee due process.

3. TRIAL — INTERPRETERS.

The function of an interpreter employed in a trial is to translate the relevant statements and responses; even if a witness' answer is unclear or unresponsive, it is not the role of the interpreter to provide clarification.

4. CONSTITUTIONAL LAW — RIGHT OF CONFRONTATION.

A limitation on cross-examination that prevents a criminal defendant from placing before the jury facts from which bias, prejudice, or lack of credibility of a prosecution witness might be inferred constitutes a denial of the constitutional right of confrontation.

5. CRIMINAL LAW — CROSS-EXAMINATION — HARMLESS ERROR — BURDEN OF PROOF.

Violations of the right to adequate cross-examination are subject to harmless-error analysis; although the defendant normally bears the burden of establishing error requiring reversal, where an error is of constitutional dimension, the burden of demonstrating its harmlessness rests with the prosecution.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Justus C. Scott,* Prosecuting Attorney, and *Kenneth E. Frazee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Ronald J. Bretz*), for the defendant on appeal.

Before: McDonald, P.J., and Wahls and D. B. Leiber,* JJ.

Wahls, J. A jury convicted defendant of one count of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). He was acquitted of three other counts of criminal sexual conduct. Defendant appeals as of right. We reverse.

The complainant, who was from Thailand, testified at trial through an interpreter. She testified that defendant raped her five or six times. Defendant testified that his sexual encounters with the complainant were consensual.

On appeal, defendant argues that he is entitled to a new trial because the interpreter interfered with his right to cross-examination. We agree. Defendant objected to specific instances of perceived improper translation and moved for a mistrial on this basis. The trial court denied defendant's motion. The trial court's grant or denial of a mistrial will not be reversed on appeal in the absence of an abuse of discretion. *People v Haywood,* 209 Mich App 217, 228; 530 NW2d 497 (1995). A mistrial should be granted only for an irregularity that is prejudicial to the rights of the defendant and impairs his ability to get a fair trial. *Id.*

As a general rule, the proceedings or testimony at a criminal trial are to be interpreted in a simultaneous, continuous, and literal manner, without delay, interruption, omission from, addition to, or alteration of the matter spoken, so that the participants receive a timely, accurate, and complete translation of what has been said. 32 ALR5th 149, § 71, p 466. Although occasional lapses will not render a trial fundamentally unfair, adequate translation of trial proceedings re-

* Circuit judge, sitting on the Court of Appeals by assignment.

quires translation of everything relating to the trial that someone conversant in English would be privy to hear. *United States v Joshi,* 896 F2d 1303, 1309 (CA 11, 1990). The interpreter should not aid or prompt the primary witness in any way, or render a summary of what the witness stated. *State of New Jersey, in Interest of R R,* 79 NJ 97, 117-119; 398 A2d 76 (1979). In *Rajnowski v Detroit, B C & A R Co,* 74 Mich 15, 19; 41 NW 849 (1889), our Supreme Court addressed the role of an interpreter in similar terms:

> It is necessary, for the due course of examination, that the interpreter shall give to the witness the precise form and tenor of each question propounded, and no more or less, and that he shall in like manner translate the precise expressions of the witness. As it is not supposed that court, counsel, and jury can follow him in the foreign language, it is obvious that if he undertakes—as is too often done—to expound things to the witness in his own fashion, or to have any conversation with him beyond strict translation, no one can tell how far the testimony is reliably genuine, or how far it consists of what is admissible.

Here, the interpreter did not translate each question and answer, but, instead, had a conversation with the complainant that was not translated for the trier of fact. The following exchange exemplifies this fact:

> *Q. [By Mr. Delling, defense counsel]* That's what I'm asking you, what days are we talking about?
> *A.* Before.
> *Mr. Delling:* May the record—your Honor, I'm just having a little bit of a problem with the fact that there's a large exchange going on, and I'm getting a one word [response], before.
> *A.* She said she was confused and I will try to explain to her.

*Q.* [*By Mr. Delling:*] So you're not interpreting my question?

*A.* No, I interpreted your question, but she was confused so I was trying to make her understand what you was [sic] talking about that's why it was a lot of questions.

An interpreter's function is to *translate* the relevant statements and responses. *People v Ovalle,* 411 Mich 478, 481-482; 307 NW2d 685 (1981). Accordingly, even if the complainant's answer was unclear or unresponsive, it was not the role of the interpreter to provide clarification. *Rajnowski, supra,* p 19.

The lack of an adequate translation is further illustrated by the following exchange:

*Q.* [*By Mr. Delling*] What does the term sing-song mean?

*A.* Sing-song to her, she didn't know how to put, how to explain to her husband. One time Keith brought Barbra [sic] and her . . .

*Q.* I didn't ask about one time, I'm asking her what does sing-song mean to her; does she know what it means or not?

*A.* That's what I'm trying to explain to you after she explain to me. I'm trying to explain to you what it means. It's long, long, long words, [a] long sentence.

Later, it appears that the interpreter directly responded to some questions on the basis of her understanding of the complainant's prior testimony:

*Q.* [*By Mr. Delling*] Okay, I'll show you the transcript question being asked, how many times did you have sex with Keith?

*A.* I don't think it's more than ten times.

*Q.* She doesn't know for sure; can you ask her that?

*A.* I'm not, I don't know for sure.
*Q.* So it could be more, did you ask her or . . .
*A.* Oh, you want me to ask her?

A limitation on cross-examination preventing a defendant from placing before the jury facts from which bias, prejudice, or lack of credibility of a prosecution witness might be inferred constitutes denial of the constitutional right of confrontation. *People v Mumford,* 183 Mich App 149, 153; 455 NW2d 51 (1990). The translation of each question and answer is required by a defendant's right to due process. *People v Starling,* 21 Ill App 3d 217, 222-223; 315 NE2d 163 (1974). Here, we believe that inadequate translation of the complainant's cross-examination denied defendant his constitutional right to confront the witness against him. Accordingly, the trial court abused its discretion in denying defendant's motion for a mistrial.

It is true that violations of the right to adequate cross-examination are subject to harmless-error analysis. *Delaware v Van Arsdall,* 475 US 673, 684-685; 106 S Ct 1431; 89 L Ed 2d 674 (1986). Although a defendant normally bears the burden of establishing error requiring reversal, where an error is of constitutional dimension, the burden of demonstrating its harmlessness rests with the prosecutor. *People v Minor,* 213 Mich App 682, 685; 541 NW2d 576 (1995). Here, despite defendant's request, the complainant's cross-examination was not tape-recorded. Because it is impossible to determine whether this error was harmless beyond a reasonable doubt without a recording of the trial, we must remand for a new proceeding. Our disposition of this issue makes it unnecessary to address defendant's other allegations of error.

Reversed and remanded for proceedings consistent with this opinion.