PEOPLE v MACK

Docket No. 174385. Submitted February 20, 1996, at Lansing. Decided
August 23, 1996, at 9:00 A.M. Leave to appeal sought.

Larry Mack was convicted by a jury in the Washtenaw Circuit Court,
Kurtis T. Wilder, J., of assault with intent to do great bodily harm
less than murder. He then pleaded guilty of being a fourth-offense
habitual offender and was sentenced to six to ten years' imprison-
ment. The defendant appealed.

The Court of Appeals *held*:

1. The trial court abused its discretion in failing to order the
prosecution to provide defense counsel the criminal histories of the
prosecution's witnesses available through the Law Enforcement
Information Network (LEIN).

2. The LEIN information requested by the defendant may be pro-
vided to a criminal defendant, in accordance with 1981 AACS, R
28.5208(4), pursuant to a court order.

3. The evidence supporting the defendant's convictions was over-
whelming. Any error that restricted the defendant's ability to
impeach the witnesses could not have affected the verdict and was
harmless beyond a reasonable doubt.

4. The defendant received the effective assistance of counsel.

Affirmed.

SMOLENSKI, J., dissenting in part, stated that the trial court did not
abuse its discretion in declining to order the prosecutor to provide
the LEIN information to defense counsel because the prosecution is
not required to undertake discovery on behalf of a defendant.

1. CRIMINAL LAW — EVIDENCE — DISCOVERY.

Although a criminal defendant has no general right to discovery, dis-
covery will be ordered where the trial court, exercising its discre-
tion, determines that the thing to be inspected is admissible into
evidence and a failure of justice may result from its suppression;
denial of disclosure of the material is proper where the defendant
is merely on a fishing expedition to see what may turn up.

2. CRIMINAL LAW — DISCOVERY — LEIN INFORMATION.

A trial court, pursuant to a proper request, may order that a criminal
defendant be provided information obtained through the Law

Enforcement Information Network; the order would make the defendant an individual legally authorized to have access to the information (1981 AACS, R 28.5208[4]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Brian L. Mackie*, Prosecuting Attorney, and *David A. King*, Senior Assistant Prosecuting Attorney, for the people.

*Jane M. Thurston* and Larry Mack, In Propria Persona.

Before: NEFF, P.J., and SMOLENSKI and D. A. JOHNSTON, III,* JJ.

NEFF, P.J. Defendant was convicted by a jury of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and pleaded guilty of being a fourth-offense habitual offender, MCL 769.12; MSA 28.1084. Defendant was sentenced as an habitual offender for the underlying assault conviction to a term of six to ten years' imprisonment. Defendant appeals as of right. We affirm.

I

In his initial appellate argument, defendant asserts that he was denied the opportunity to effectively cross-examine the prosecution's witnesses. Defendant's constitutional right to confrontation, US Const, Am VI; Const 1963, art 1, § 20, is violated when limitations are placed on his ability to cross-examine a witness to bring out facts from which bias, prejudice, or lack of credibility might be inferred, *People v Cunningham*, 215 Mich App 652, 657; 546 NW2d 715 (1996).

---

* Circuit judge, sitting on the Court of Appeals by assignment.

A

In support of his allegation, defendant first argues that the prosecutor violated the stipulation of the parties by failing to provide the local criminal histories of the witnesses in question, thereby denying him the information to properly impeach the witnesses. Nowhere on the record, however, have we found any indication that the prosecutor failed to produce the requested information. Because defendant failed to object in some manner to the alleged failure, and thus the record is silent with regard to whether the prosecution fulfilled its obligations under the discovery order, we will not address this allegation. See *Jalaba v Borovoy*, 206 Mich App 17, 22; 520 NW2d 349 (1994).

B

Defendant also argues that the trial court erred in failing to order the prosecutor to provide his trial counsel with the criminal histories of the prosecution's witnesses available through the Law Enforcement Information Network (LEIN). We agree.

1

While a criminal defendant has no general right to discovery, discovery will be ordered when the trial court, exercising its discretion, determines that the thing to be inspected is admissible into evidence and a failure of justice may result from its suppression. *People v Stanaway*, 446 Mich 643, 680; 521 NW2d 557 (1994). If a defendant is merely on a fishing expedition, however, denial of disclosure of the material is proper. *Id.*

Here, defendant requested impeachment material to which only certain governmental agencies, or those legally authorized, have access. 1981 AACS, R 28.5208. This evidence is admissible at trial, MCL 28.201; MSA 4.470, and we conclude a failure of justice would result if defendant were precluded from obtaining information available to, and used by, the prosecution. Further, we do not find that the request in this case, for the criminal histories of the prosecution's witnesses, was so broad as to constitute a fishing expedition. The information sought was important, there was no other way for defendant to obtain this information, and we see no more specific way for it to be secured. Accordingly, we conclude that the trial court abused its discretion in failing to order the prosecution to prepare the reports in question.

2

The prosecution also argued below that defendant may not receive the records in question pursuant to 1981 AACS, R 28.5208 - 28.5210. Although the trial court did not base its ruling on that argument, we will address it nonetheless because it is an issue of law and all the facts necessary for its resolution are contained within the lower court record. *Brown v Drake-Willock Int'l, Ltd*, 209 Mich App 136, 146; 530 NW2d 510 (1995).

Our reading of the relevant rules leads us to the conclusion that LEIN information may be provided to a criminal defendant pursuant to a court order. In reaching this conclusion, we apply principles of statutory construction. *Attorney General v Lake States Wood Preserving, Inc*, 199 Mich App 149, 155; 501 NW2d 213 (1993).

1981 AACS, R 28.5208(4) provides that "[a] user agency shall not sell or disseminate any information obtained through the LEIN to any individual, group of individuals, organization, governmental agency, or corporation *which is not legally authorized to have access to this information.*" (Emphasis added.)

We conclude this provision provides that, pursuant to a proper request, such as the one here, a court may order the LEIN information disseminated to one of the entities described. In other words, once the court has so ordered, then that entity is legally authorized to have access to the information.

We recognize that 1981 AACS, R 28.5210(1) provides that "[a] user agency shall not disseminate criminal history record information received through the LEIN to a private person." Although it could be argued that subsection 1 applies to the situation at hand, a full reading of Rule 28.5210 leads us to reach a different result. We conclude that 1981 AACS, R 28.5210 deals primarily with a private person obtaining that person's own criminal record through the LEIN. This, as stated in subsection 1, is flatly prohibited. However, a private person is permitted to obtain that person's own criminal record from the Central Records Division of the Department of State Police. 1981 AACS, R 5210(2) and (3). To find that this provision prohibited the dissemination of LEIN information to anyone other than a user agency would render 1981 AACS, R 28.5208(4) mere surplusage. This we will not do. See *Altman v Meridian Twp*, 439 Mich 623, 635; 487 NW2d 155 (1992).

Accordingly, we conclude that the trial court erred in failing to allow defendant access to the LEIN information regarding the prosecution's witnesses.

II

Although we have concluded that the trial court erred in failing to allow defendant access to the requested LEIN information, it does not necessarily follow that reversal is required. Violations of the right to cross-examination are subject to harmless-error analysis. *Cunningham, supra* at 657.

Harmless-error analysis, when constitutional issues are involved, calls for a two-step inquiry. *People v Minor*, 213 Mich App 682, 685; 541 NW2d 576 (1995). First, we must determine whether the error is harmless beyond a reasonable doubt. *Id.* This test is met if the error had no effect on the verdict. *Id.* Second, we must determine whether the error was so offensive to the maintenance of a sound judicial system that it can never be regarded as harmless. *Id.* at 685-686. This standard is met when the error was deliberately injected by the prosecutor, if it deprived defendant of a fundamental element of the adversarial process, or if it was particularly persuasive or inflammatory. *Id.* at 686.

Here, we conclude that the evidence supporting defendant's conviction was overwhelming. At least two witnesses, including the victim, identified defendant as the attacker, and defendant made a statement to the police admitting that he had stabbed the victim. Accordingly, any error that restricted defendant's ability to impeach the witnesses could not have affected the verdict, and thus was harmless beyond a reasonable doubt.

We also conclude that the error was not so offensive to the maintenance of our judicial system that it could never be regarded as harmless. Although the trial court's ruling was requested by the prosecutor,

the error was the court's alone. *Id.* at 688. Further, the error cannot be said to have been particularly persuasive or inflammatory because, as noted, the evidence against defendant was great, and the error resulted in subtraction of testimony rather than its addition. *Id.*

Accordingly, although we conclude that the trial court erred in failing to allow defendant access to the witnesses' LEIN information, we find that the error was harmless and reversal is not required.

III

We have also reviewed the existing record and conclude that defendant was not denied the effective assistance of counsel. *People v LaVearn*, 448 Mich 207, 212-213; 528 NW2d 721 (1995); *People v Barclay*, 208 Mich App 670, 672; 528 NW2d 842 (1995). Contrary to defendant's assertion, defense counsel did move for discovery. Furthermore, we cannot find that defense counsel's choice of defense strategy was deficient. The defense of alibi, i.e., that defendant was not present at the crime scene, had little likelihood of success given the substantial evidence, including defendant's own statement, identifying defendant as the person who stabbed the victim. However, the defenses asserted at trial, i.e., intoxication, claim of right, and self-defense, resulted in the acquittal of defendant with regard to a charge of armed robbery, MCL 750.529; MSA 28.797, and the conviction of assault with intent to do great bodily harm less than murder rather than a conviction of the charged offense of assault with intent to murder, MCL 750.83; MSA 28.278. See, generally, *LaVearn, supra* at 213-216.

Affirmed.

D. A. JOHNSTON, III, J., concurred.

SMOLENSKI, J. (*concurring in part and dissenting in part*). I concur in parts I(A) and III and the result reached by the majority opinion. However, I respectfully dissent with respect to part I(B) of the majority opinion. As recognized by the trial court, the prosecution is not required to undertake discovery on behalf of a defendant. *People v McWhorter*, 150 Mich App 826, 832; 389 NW2d 499 (1986). Accordingly, I would hold that the trial court did not abuse its discretion in declining to order the prosecution to gain access to the Law Enforcement Information Network and provide defendant's counsel with the computerized criminal histories of certain prosecution witnesses.